■ ROBERT F. MURPHY, Respondent, v. AARON E. KLEIN, Appellant.— This is an appeal from an order denying defendant's motion to dismiss the amended complaint for insufficiency pursuant to rule 106 of the Rules of Civil Practice, on the grounds that it fails to state facts sufficient to constitute a cause of action. The action is for slander. The original complaint was dismissed (after a holding that the slander alleged was not defamatory per se) because special damages were not properly pleaded, with leave to serve an amended complaint. Special Term has held (1) that the face of the complaint does not indicate that the spoken words were absolutely privileged and (2) that special damages are adequately alleged. These are the two issues raised by appellant upon this appeal. It is true that when the complaint shows upon its face that the defense of privilege would be insurmountable if subsequently interposed as a defense the complaint must be dismissed (*Goldwater* v. *Merchants Importing*, 6 A D 2d 777; *Cohen* v. *Ellenville Lbr. Co.*, 4 A D 2d 976; *Feldman* v. *Bernham*, 6 A D 2d 498). It is also the rule in New York that defamatory statements made by an attorney in the course of judicial proceedings are privileged if the statements are pertinent to the issues involved (*Andrews* v. *Gardiner*, 224 N. Y. 440) but the complaint here alleges that the spoken words were "wholly and completely irrelevant and immaterial to the matters in issue and before the court". Plaintiff has therefore affirmatively alleged that the privilege if raised is surmountable which distinguishes the case from the *Goldwater* case. It may well develop that defendant's words were absolutely privileged within the broad limits permitted an attorney at a trial, but it does not appear from the face of the complaint nor does the complaint suggest that the alleged words were material to any judicial proceeding, indeed, complete nonpertinency is specifically pleaded. Therefore as to this facet Special Term was correct. The question of whether plaintiff has adequately alleged special damages presents a difficult problem. The allegation numbered "XII" added in the amended complaint reads as follows: "That as a result of the slanderous remarks and statements spoken as aforesaid, the plaintiff has necessarily expended, incurred and become liable for substantial sums of money in the defense of the charges preferred against him, including investigation, procuring statements of witnesses and attorney's fees and expenses, and also lost considerable income during the period of time the said charges were preferred against him and his suspension from his official duties by reason thereof, all to plaintiff's damages in the sum of One Thousand Dollars ($1,000.00)." In *Reporters' Assn.* v. *Sun Print. & Pub. Assn.* (186 N. Y. 437, 442) it was written: "whenever special damage is claimed, the plaintiff must state it with particularity, in order that the defendant may be enabled to meet the charge." In addition to this requirement is the necessity to clearly allege the special damage to be the "legal, natural and proximate, if not the necessary, consequence" of the defamation. (*Terwilliger* v. *Wands*, 17 N. Y. 54 — quoted with approval in the *Reporters' Assn.* case, p. 443; Seelman, Law of Libel and Slander, p. 683.) In line with these requirements courts have struck down various purported allegations of special damages. (General loss of business, refusal by clients to pay just claims due by contract, damage to credit and reputation — *Reporters' Assn.* v. *Sun Print. & Pub. Assn.*, 186 N. Y. 437; loss of customers without specifying the persons who ceased to be customers or who ceased to purchase — *Drug Research Corp.* v. *Curtis Pub. Co.*, 7 N Y 2d 435; see Seelman, pp. 684-685 for others.) A

review of these cases leaves one with the feeling that the damage allegations in the case at bar appear to be of·a somewhat more definitive, real nature than the typical types of allegations the courts have consistently struck down as not constituting special damage. Reading the allegations XI and XII of the complaint together, it is clear that the plaintiff has alleged: (1) that the purported slanderous words resulted in institution of removal proceedings against him; (2) that at some time during these proceedings he was suspended from his official duties; (3) that he consequently lost considerable income, and expended substantial sums of money in defending the charges preferred against him, such as attorneys' fees, procuring statements of witnesses, investigations. Plaintiff has properly alleged that the expenses incurred in his defense of the removal proceeding brought against him were the "legal, natural, and proximate, if not the necessary consequence" of the purported slander. (*Terwilliger* v. *Wands, supra*; *Reporters' Assn.* v. *Sun Print. & Pub. Assn., supra*.) A study of the cases leads to the conclusion that each case must be viewed as an entity in determining the extent to which plaintiff must particularize his special damages. In our view the determination of Special Term herein that plaintiff has sufficiently particularized the special damages should not be disturbed. Order unanimously affirmed, with costs to respondent.