OPINION OF THE COURT
Simons, J.
Plaintiff landlord alleges in its complaint that defendant, president of the Park Knoll Tenants’ Association, libeled it in its trade and business. The charges are based upon statements contained in 10 tenant applications prepared with the aid of defendant and filed with the State Division of Housing and Community Renewal in which the tenants seek refunds of rent overcharges and treble damages. The Appellate Division dismissed plaintiff’s complaint, finding the statements were absolutely privileged because made in the course of a quasi-judicial proceeding. Because of the dismissal, it did not address plaintiff’s motion for discovery or the remainder of defendant’s cross motion in which she sought a protective order.
There should be a reversal. A leader who assists group members in registering official complaints does not enjoy an absolute privilege from liability for defamation. The social value of such leaders is palpable but they are not within the limited group of persons who because of their official participation in the processes of government are granted immunity (see 1 Harper and James, Torts, § 5.21, p 421). Specifically, defendant was not an attorney, party or witness in a judicial or quasi-judicial proceeding and she may not acquire immunity for defamation by joining in the tenants’ applications as a scrivener or advisor for them.
*208 Plaintiff alleges in its complaint that it is a limited partnership owning an apartment complex in East White Plains, New York; that defendant is a tenant in the complex; and, that she has embarked on a course of action designed to libel plaintiff in its trade and business by falsely accusing it of violating the laws of the State of New York and the regulations of the Division of Housing and Community Renewal (as to libel of a partnership see, generally, Restatement, Torts 2d, §§561, 562; 1 Harper and James, Torts, § 5.3, p 360). In 10 separate causes of action it alleges the publication of defamatory statements which defendant made to various tenants and which the tenants in turn made to the Division of Housing in their written applications for relief. Annexed to the complaint in support of each cause of action, and made a part of it for purposes of this motion (see 805 Third Ave. Co. v M. W. Realty Assoc., 58 NY2d 447, 451), are the 10 tenant applications, each executed by a different tenant and stamped “filed” with the division. The applications may be interpreted to allege a variety of legal and moral wrongs, many cognizable by the Division of Housing, others cognizable by the criminal courts of the State. Defendant does not contest plaintiff’s assertion that they contain defamatory matter. Seven applications contain the statement that they were prepared by defendant and they are signed by her as president of the tenants’ association. The other three state in the body of the application that they are submitted “with the assistance and preparation” of Aphrodite Schmidt or of the president of the tenants’ association. Plaintiff contends that defendant’s statements are not absolutely privileged and that she is answerable for them.
A privileged communication is one which, but for the occasion on which it is uttered, would be defamatory and actionable (see Cheatum v Wehle, 5 NY2d 585; Andrews v Gardiner, 224 NY 440). Because the perceived social benefit in encouraging free speech or the discharge of governmental responsibility sometimes outweighs the individual’s underlying right to a good reputation, the individual’s right may have to yield to a privilege granted the speaker barring recovery of damages for the defamatory statements. The privilege may be either absolute or conditional' *209 depending on the occasion and the position or status of the speaker. The difference is in the degree of protection afforded the speaker. If the privilege is absolute, it confers immunity from liability regardless of motive. If it is conditional or qualified, it can be lost by plaintiff’s proof that defendant acted out of malice (see, generally, Prosser, Torts [4th ed], §§114, 115; Restatement, Torts 2d, § 583 et seq.; 1 Harper and James, Torts, §§ 5.25, 5.26).
Absolute privilege is based upon the personal position or status of the speaker and is limited to the speaker’s official participation in the processes of government (Toker v Pollak, 44 NY2d 211, 219; Andrews v Gardiner, 224 NY 440, 446-447, supra; Prosser, Torts [4th ed], § 114; Restatement, Torts 2d, title B, Introductory Note to § 585 et seq., pp 242-244; 1 Harper and James, Torts, § 5.21, p 421). The public interest requires that such statements be absolutely privileged so that those discharging a public function may speak freely in doing so, insulated from harassment and fear of financial hazard (see Toker v Pollak, 44 NY2d 211, 219, supra; Stukuls v State of New York, 42 NY2d 272, 278). In judicial proceedings the protected participants include the Judge, the jurors, the attorneys, the parties and the witnesses (see Restatement, Torts 2d, §§ 585-589; 2 NY PJI, pp 728-729, 1982 Supp, pp 66-68). They are granted this protection for the benefit of the public, to promote the administration of justice, and only incidentally for the protection of the participants. Thus, a Judge has immunity if he is performing a judicial act but not otherwise (see Murray v Brancato, 290 NY 52 [no immunity for defamation contained in unofficial publication of an opinion]); a lawyer has immunity for defamatory words spoken in a judicial proceeding but not for words spoken while representing a client in a nonjudicial proceeding (see Youmans v Smith, 153 NY 214; Simon v Stim, 11 Misc 2d 653, affd 10 AD2d 647 [pretrial statements]; cf. Andrews v Gardiner, 224 NY 440, supra [a pardon application]); a witness is immune from suit for defamatory remarks pertinent to a judicial proceeding (Martirano v Frost, 25 NY2d 505; People ex rel. Bensky v Warden of City Prison, 258 NY 55), but not for those made before the proceeding commences (Uni-Service Risk Mgt. v New York State Assn. of *210 School Business Officials, 62 AD2d 1093; Kenny v Cleary, 47 AD2d 531). The immunity does not attach solely because the speaker is a Judge, attorney, party or a witness, but because the statements are, in the words of Lord Mansfield, “spoken in office” (R. v Skinner, Lofft, p 55, quoted in Andrews v Gardiner, 224 NY 440, 446, supra).
The Appellate Division found the tenants’ proceedings before the Division of Housing and Community Renewal were quasi-judicial and thus that the tenants were immune from suit for defamatory information contained in their applications to the division (see Julien J. Studley, Inc. v Lefrak, 50 AD2d 162, 164, affd insofar as appealed from 41 NY2d 881). It extended the tenants’ immunity to defendant. Assuming that the tenants enjoyed immunity because the proceedings before the division were quasi-judicial, defendant was not a participant in those proceedings. She was neither attorney, party, nor witness in them. Her role was solely that of a volunteer acting as a tenants’ representative and attempting to cover herself in by executing the applications in an advisory capacity. She had no “office” in the judicial proceedings and therefore she was not entitled to the immunity received by those who did.
Nor does the attendant social benefit require that immunity be granted to those in her position. As a matter of policy, the courts confine absolute privilege to a very few situations (see Stukuls v State of New York, 42 NY2d 272, 278, supra; Andrews v Gardiner, 224 NY 440, 448, supra; Prosser, Torts [4th ed], § 114, p 777). Were we to extend it to defendant here, there would be no apparent reason to deny immunity to the leader of any cause who encourages litigation no matter how worthwhile or frivolous the purpose of the movement. Defendant’s activities are protected and the public interest fully served by a qualified or conditional privilege which is recognized for matters of intermediate social value, matters which are important but less so than those going to the functions of government. She may plead the privilege as one which she enjoys because her communications were made “ ‘in the discharge of some public or private duty, legal or moral, or in the conduct of [her] own affairs, in a matter where [her] interest is concerned’ ” (Toker v Pollak, supra, p 219, quot *211 ing Lovell Co. v Houghton, 116 NY 520, 526; Shapiro v Health Ins. Plan of Greater N. Y., 7 NY2d 56, 60; Byam v Collins, 111 NY 143, 150; Prosser, Torts [4th ed], § 115; 1 Harper and James, Torts, § 5.25, pp 439-440). It appearing that defendant can establish the interest necessary to warrant a qualified privilege here, the burden rests upon plaintiff, if it is to sustain its cause of action, to prove that she acted out of malice. The complaint here contains sufficient allegations of malice to withstand the motion to dismiss.
Accordingly, the order should be reversed, the motion to dismiss the complaint denied, and the matter remitted to the Appellate Division for consideration of plaintiff’s discovery motion and the cross motion for a protective order.