■ PETER S. PAPPALARDO et al., Appellants, v GOOD SAMARITAN HOSPITAL, Respondent. — In an action to recover damages for, *inter alia,* breach of contract, plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Cerrato, J.), entered October 5, 1982, which granted defendant's motion for summary judgment and dismissed the complaint. Judgment affirmed, with costs. Under the doctrine of *res judicata,* plaintiffs' present claims are barred by the prior determinations of Justices Wood and Slifkin (see *O'Brien v City of Syracuse,* 54 NY2d 353, 357; *Smith v Russell Sage Coll.,* 54 NY2d 185, 191-193; cf. *Spindell v Brooklyn Jewish Hosp.,* 35 AD2d 962, 963, affd 29 NY2d 888). Although the answer raised this defense only in relation to the prior determination by Justice Wood, this was because the determination by Justice Slifkin occurred after the answer in this action had been served. As a defendant can be granted summary judgment on an unpleaded defense where, as here, the prerequisites are met (*Rogoff v San Juan Racing Assn.,* 54 NY2d 883, 885; *Barrett v Kasco Constr. Co.,* 56 NY2d 830, 831), Special Term properly granted the motion. In light of this determination, we need not reach the other issues raised by the parties. Titone, J. P., O'Connor, Weinstein and Rubin, JJ., concur.

■ CAROL M. ROBERTS, Respondent, v COUNTY OF NASSAU et al., Appellants. — In a negligence action to recover damages for personal injuries, (1) defendants separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Nassau County (Widlitz, J.), dated November 16, 1982, as, after a bifurcated jury trial, awarded plaintiff the principal sum of $46,000, (2) defendant County of Nassau further appeals from so much of the same judgment as dismissed its cross claim against defendant Town of Hempstead and (3) defendant Town of Hempstead appeals from an order of the same court, dated December 20, 1982, which denied its motion for a new trial on the issue of damages. Judgment modified, on the law, by adding a provision reinstating the County of Nassau's cross claim against the Town·of Hempstead and severing said cross claim from the main action. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Trial Term for a trial on that cross claim. Order affirmed, without costs or disbursements. Plaintiff brought suit against the County of Nassau and Town of Hempstead on the ground that their failure to repair a defective condition in a roadway within their jurisdiction was the proximate cause of injuries she sustained when she lost control of the moped she was driving upon this roadway. The issues were resolved by the jury, which found her 20% liable and defendants 80% liable for the accident. We find no basis to disturb that verdict. Further, there is no basis for disturbing the award to plaintiff of $46,000 in damages. However, we note that despite the county's repeated requests that the jury be charged as to apportionment of fault as between codefendants, Trial Term refused to so charge for reasons not stated in the record, and dismissed the county's cross claim against the town. Under *Dole v Dow Chem. Co.* (30 NY2d 143), a new and substantive right was created for the apportionment of damages between tort-feasors *inter se* based on the degree of fault. The court's failure to so charge pursuant to *Dole (supra)* deprived the county of a substantive right, and the county is entitled to a trial whereby liability can be apportioned between the codefendants. We have considered the other issues raised on appeal and find them to be without merit. Titone, J. P., O'Connor, Weinstein and Rubin, JJ., concur.