GEORGE SASSOWER et al., Appellants, v ERNEST L. SIGNO-RELLI, Respondent.

Second Department, March 5, 1984

APPEARANCES OF COUNSEL

*George Sassower* and *Doris L. Sassower,* appellants *pro se.*

*Robert Abrams, Attorney-General (Jeffrey I. Slonim, Melvyn R. Leventhal* and *Caren S. Brutten* of counsel), for respondent.

OPINION OF THE COURT

*Per Curiam.*

This appeal is the latest in a series of frivolous and repetitious claims, motions, petitions, collateral proceedings and appeals arising from the rulings of the defendant, the Surrogate of Suffolk County, which required plaintiff George Sassower to account for his activities as a fiduciary. We affirm the order insofar as appealed from, and utilize

the opportunity to caution these plaintiffs, as well as others, that this court will not tolerate the use of the legal system as a tool of harassment.

The underlying suit seeks to recover damages for alleged tortious conduct on the part of the defendant. A prior complaint, which sought almost identical relief, was previously dismissed (see *Sassower v Signorelli,* 96 AD2d 585). Quite aside from the doctrine of issue preclusion, barring the commencement of a second separate action arising out of the same continuum of facts (e.g., *Hyman v Hillelson,* 55 NY2d 624; *O'Brien v City of Syracuse,* 54 NY2d 353, 357-358; *Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193; *Pappalardo v Good Samaritan Hosp.,* 97 AD2d 836), since we have held that the defendant was acting in a judicial capacity, he is absolutely immune from suit (see, e.g., *Stump v Sparkman,* 435 US 349; *Levy v State of New York,* 58 NY2d 733; cf. *Park Knoll Assoc. v Schmidt,* 59 NY2d 205, 209).

Nor is there any merit to the plaintiffs' contention that the Attorney-General should be disqualified from representing the defendant. The Attorney-General, by statute (Executive Law, § 63, subd 1), is "required to represent" him (*Warren v Goldstein,* 200 Misc 194, 195 [STEUER, J.]).

We now turn to the question of whether Special Term acted properly in enjoining plaintiffs from instituting further actions or proceedings in connection with this matter. We hold in the affirmative.

To be sure, public policy mandates free access to the courts and zealous advocacy is an essential component of our legal system (*Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 404; *Burt v Smith,* 181 NY 1) and, ordinarily, the doctrine of former adjudication will serve as an adequate remedy against repetitious suits.

Nonetheless, a litigious plaintiff pressing a frivolous claim can be extremely costly to the defendant and can waste an inordinate amount of court time, time that this court and the trial courts can ill afford to lose (see *Harrelson v United States,* 613 F2d 114). Thus, when, as here, a litigant is abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation (e.g., *Matter of Hartford Textile Corp.,*

681 F2d 895, 897, cert den *sub. nom. Shuffman v Hartford Textile Corp.,* __ US __, 103 S Ct 1195; *Muka v New York State Bar Assn.,* 120 Misc 2d 897, 903-905, and authorities cited therein; see, also, *Wood v Santa Barbara Chamber of Commerce,* 705 F2d 1515, 1524-1525; *Pavilonis v King,* 626 F2d 1075, cert den 449 US 829; *Heritage Hills Fellowship v Plouff,* 555 F Supp 1290, 1298; *Martin-Trigona v Brooks & Holtzman,* 551 F Supp 1378 [WEINFELD, J.]).

That plaintiffs are attorneys does not bar the issuance of an injunction (*Matter of Hartford Textile Corp., supra*). Indeed, attorneys who participate in such manipulation of the legal process are subject to strong disciplinary sanctions (see Code of Professional Responsibility, DR 7-102, subd [A], par [1]; *Matter of Lee,* 816 AD2d 131).

In short, Special Term acted properly in putting an end to plaintiffs' badgering of the defendant and the court system. For the reasons stated, the order should be affirmed insofar as appealed from, with costs.

TITONE, J. P., GIBBONS, WEINSTEIN and RUBIN, JJ., concur.

Order of the Supreme Court, Westchester County, entered January 21, 1983, affirmed insofar as appealed from, with costs.