■ JOSEPH P. BARATTA et al., Respondents, v BRUCE A. HUBBARD, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Louis Grossman, J.), entered April 10, 1987, which denied the defendant's motion to dismiss the complaint, unanimously reversed, on the law, and the complaint dismissed, without costs.

Appeal from an order of the Supreme Court, New York County (Louis Grossman, J.), entered March 9, 1987, which granted the plaintiff's motion for a protective order striking defendant's notice of discovery, is dismissed as moot, without costs.

Defendant Bruce A. Hubbard is an attorney who represented Daniel and Victoria Lukensow in an action against Harley Cars of New York *et al.* (the Harley defendants) in United States District Court for breach of contract, fraud and other wrongdoing. On behalf of his clients, Hubbard obtained an attachment and restraining order enjoining the transfer of assets by the Harley defendants. The Federal court found that the TRO was violated by the Harley defendants by transferring moneys and otherwise acting to frustrate the enforcement of any judgment which might be rendered against them.

Plaintiffs herein, Baratta and Goldstein, are attorneys who at one time represented the Harley defendants in the Federal court action. Baratta and Goldstein have not been implicated in any wrongful conduct of their clients, other than by accepting and depositing a check from Caroline Harley in payment for their services at a time when the TRO restraining transfer of money by the Harleys was in effect. Baratta and Goldstein were eventually relieved as counsel for the Harley defendants because of "irreconcilable differences".

The instant action was commenced by Baratta and Goldstein for libel and slander arising from several statements concerning them made by Hubbard in two affidavits submitted in connection with certain motions in the Federal court action, and repeated by Hubbard in oral argument. In essence, Hubbard's defamatory statements accuse the plaintiffs of complicity in their clients' wrongful acts frustrating Hubbard's ability to enforce his own client's rights.

Hubbard asserted that his statements were privileged and moved to dismiss the complaint. The law is well settled that oral or written statements made in the course of a judicial proceeding, that are material or pertinent to the litigation, are absolutely privileged and protected from liability for defamation. *(E.g., Martirano v Frost,* 25 NY2d 505; *Youmans v Smith,* 153 NY 214.) The IAS court denied Hubbard's motion to dismiss, finding that this privilege should not apply because the statements made by Hubbard were not pertinent to the issues between the parties and were so harsh as to be malicious.

We disagree with the IAS court's analysis and hold that the

privilege should apply. In determining whether the allegedly defamatory statements are pertinent to the judicial proceeding, they should be liberally construed. "It is enough if the offending statement may possibly bear on the issues in litigation * * * 'strict legal materiality or relevancy is not required to confer the privilege. There is difficulty in determining in some cases what is relevant or pertinent, and in deciding the question the courts are liberal, and the privilege embraces anything that may possibly be pertinent or which has enough appearance of connection with the case so that a reasonable man might think it relevant. All doubt should be resolved in favor of its relevancy or pertinency, and for the purposes of relevancy the court will assume the alleged slanderous charges to be true, however false they may have been in fact.' " (Seltzer v Fields, 20 AD2d 60, 62-63, affd 14 NY2d 624.) Here, the statements made concerning Baratta and Goldstein were uttered in connection with a vigorously defended Federal action in which Hubbard's necessary attempts to secure his clients' remedies were frustrated by the obstructionist tactics of the Harley defendants. The allegations of misconduct leveled at Baratta and Goldstein individually, made in the course of Hubbard's motion for sanctions and Baratta and Goldstein's motion to withdraw, are pertinent in this context, even if intemperate, and should be privileged.

The rationale for the privilege is that the power of clients to enforce their rights should not be imperiled by subjecting their attorneys to the constant risk of suits for libel or slander. The due administration of justice requires that counsel should be uninhibited in speaking freely to safeguard his clients' interests. (E.g., Seltzer v Fields, supra; Youmans v Smith, supra.) Applying the privilege in this case furthers these public policy goals by allowing Hubbard to pursue his clients' rightful goals, within the outer limits of the bounds of zealous advocacy, without fear of liability. The plaintiffs' action for libel and slander should be dismissed.

Hubbard asserted several counterclaims against Baratta and Goldstein in this action as a retaliatory measure. Upon oral argument of this appeal, Hubbard conceded that his counterclaims should be dismissed as well.

Finally, we dismiss as moot the appeal from the order concerning discovery since the action is dismissed in its entirety. Concur—Sandler, J. P., Carro, Kassal, Ellerin and Smith, JJ.