■ GEORGE R. HINCKLEY, Appellant, v S. EDMUND RESCINITI, Respondent.—Judgment, Supreme Court, New York County (Irma Vidal Santaella, J.), entered January 12, 1989, which dismissed the amended complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and which granted defendant attorney's fees pursuant to CPLR 8303-a in the sum of $4,930 and costs in the sum of $512, plus costs and disbursements in the sum of $322.50, and order of the same court entered August 22, 1988, which granted defendant's motion for the aforesaid relief, and which denied plaintiff's cross motion to have Justice Santaella recuse herself from the action, unanimously modified on the law and the facts and in the exercise of discretion, to the extent of striking and vacating the award for attorney's fees and all costs and disbursements, and otherwise affirmed, without costs.

This action alleges that defendant, an attorney, made defamatory statements in affidavits in support of a motion for sanctions against plaintiff attorney, as a result of plaintiff's alleged abusive litigation tactics in an underlying action.

As the record demonstrates, the alleged defamatory statements were made in a judicial proceeding, were clearly "pertinent" to the motion against plaintiff seeking sanctions as a result of his conduct in the underlying action, and were thus

"absolutely privileged". Accordingly, these statements cannot be the basis for this action alleging defamation. *(Mack v Olsen,* 90 AD2d 482.)

While plaintiff seeks Justice Santaella's recusal, there is no alleged bias or prejudice stemming from an extrajudicial source which would warrant her recusal. Justice Santaella's knowledge of the underlying suit is merely based upon her reading of the papers filed with the court. Accordingly, Justice Santaella appropriately denied the cross motion for recusal.

Based on the record, we do not conclude that plaintiff's commencement of this action was "frivolous" or in "bad faith", the stated grounds for the award (CPLR 8303-a). Consequently, we vacate the award of attorney's fees, costs and disbursements, and modify the order and the judgment accordingly. Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Ellerin, JJ.