■ ULTRACASHMERE HOUSE, LTD., Appellant, v KENSTON WAREHOUSING CORP., Defendant, and STECHER JAGLOM & PRUTZMAN, Respondent. BART SCHWARTZ, Appellant, v SCHWARZFELD, GANFER, SHORE AND ROSENBLUM, P. C., et al., Respondents. BART SCHWARTZ, Appellant, v STECHER JAGLOM & PRUTZMAN et al., Respondents. BART SCHWARTZ, Appellant, v STECHER JAGLOM & PRUTZMAN et al., Respondents. BART SCHWARTZ et al., Appellants, v STECHER JAGLOM & PRUTZMAN et al., Respondents.—Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered May 26, 1989, which, *inter alia,* fixed petitioner Stecher Jaglom & Prutzman's lien for attorney's fees pursuant to Judiciary Law § 475, unanimously affirmed. We note that the appeal from the order of said court and Justice entered on or about September 15, 1988 was previously dismissed by order of this court, and would, in any event, have been dismissed as subsumed in the judgment.

Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered May 1, 1989, which, *inter alia,* dismissed the

complaint pursuant to CPLR 3211 (a) (5) and (7), and which enjoined plaintiff and his corporate alter ego, Ultracashmere House, Ltd., from initiating any further litigation without leave of court, unanimously affirmed. Appeal from the order of said court and Justice entered on or about May 23, 1989, seeking reargument, is unanimously dismissed as nonappealable.

Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about December 28, 1989, which, *inter alia,* dismissed the complaint with prejudice, unanimously affirmed. Appeal from the order of said court and Justice entered on or about December 19, 1989 is unanimously dismissed as subsumed in the appeal from the aforesaid judgment.

Judgment, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered February 22, 1990, which, *inter alia,* dismissed the complaint, is unanimously affirmed. Appeal from the order of said court and Justice entered on or about January 23, 1990 is unanimously dismissed as subsumed in the appeal from the aforesaid judgment.

Order and judgment (one paper), Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about March 26, 1990, which, *inter alia,* dismissed with prejudice the action as against the defendant law firm, severed and continued the counterclaims asserted by the defendant Stecher firm, and permanently enjoined plaintiffs from commencing any further litigation against either of the defendant law firms or their associated members or employees without leave of court, unanimously affirmed.

Plaintiff Schwartz and his corporate alter ego, Ultracashmere House, Ltd., have failed to establish by evidentiary showing any malpractice, conflict of interest, or breach of professional responsibility on the part of either of their prior legal counsel, despite more than adequate opportunity to make such a showing. These claims have been rejected in numerous prior proceedings, and are thus barred from consideration under the doctrine of res judicata *(Prudential Lines v Firemen's Ins. Co.,* 91 AD2d 1). Furthermore, the claim against the Schwarzfeld firm was barred by the Statute of Limitations. The relationship of privity between Schwartz and his corporate alter ego requires that the former be estopped by reason of judgment against the latter *(Hernandez v Nelson,* 143 AD2d 632, 633). The injunction against further litigation by these plaintiffs was clearly justified by the vexatious nature of these

proceedings and the concomitant abuse of the judicial process *(Sassower v Signorelli,* 99 AD2d 358). Concur—Ross, J. P., Rosenberger, Ellerin and Rubin, JJ.