OPINION OF THE COURT
Harold Tompkins, J.
The imposition of an order restraining an attorney from bringing future lawsuits is an extreme step for a court to take. The circumstances under which such an action is appropriate is the issue before the court. It arises in the context of spinoff litigation related to a prior action which has been dismissed, two successor lawsuits dismissed and sanctions imposed. The context under which this arises is defendant’s motion for summary judgment dismissing the complaint and for the imposition of sanctions. This motion and plaintiff’s cross motion for recusal are consolidated for disposition and decided as noted below.
The amended complaint sounds in slander. The purportedly defamatory statement was made by defendant Conforti in oral argument of the action entitled "Parks v Leahey & Johnson” before the Appellate Division, First Department. Defendant Conforti stated that the Departmental Disciplinary Committee requested him to advise the appellate bench that the Committee considered a statement made in a footnote in plaintiff’s reply brief to be misleading.
At this point, it is appropriate to set forth the procedural history. The underlying lawsuit entitled "Parks v Greenberg” involved a claim for property damages that resulted from a fire in the Greenbergs’ apartment. Mr. Parks contended that due to the Greenbergs’ conduct his apartment below suffered smoke, heat and water damages. This court granted the Greenbergs’ motion for summary judgment dismissing the complaint by order dated January 11, 1990. It held that plaintiff failed to controvert the Greenbergs’ showing that the fire was caused by an exploding light bulb and a short circuit in the lamp. This court also ruled that there was no evidence that the Greenbergs delayed notification. The Appellate Division unanimously affirmed this court’s order (161 AD2d 467 [1st Dept 1990]). It denied leave to appeal to the Court of Appeals. The Court of Appeals dismissed the attempted as-of-right appeal (76 NY2d 888 [1990]) and denied leave to appeal (76 NY2d 712 [1990]).
After the Appellate Division affirmed this court’s order, but prior to the dismissal of the motion for leave to appeal by the *911 Court of Appeals, plaintiff moved to vacate the court’s judgment dismissing the action. The basis for the vacatur of the judgment was the purported fraud in that the attorney who notarized the Greenbergs’ affidavit had allowed his notary license to lapse. At oral argument on the record on September 17, 1990, this court inquired of plaintiff whether he had complied with the Judiciary Law § 468-a requirement of biennial registration and the applicable fee payments. Mr. Fowler stated he had not done so. This court denied the motion to vacate citing as authority the six-month bar of collateral attacks contained in Executive Law § 142-a and imposed sanctions.*
Plaintiff then commenced the action entitled "Parks v Leahey & Johnson.” This action was brought against the law firm representing the Greenbergs based on an expired notary license. These allegations were the identical allegations that the court had found lacked merit on the motion to vacate on September 17, 1990. This court dismissed the complaint in Parks v Leahey & Johnson in a decision dictated on the record on October 11, 1990. The court found that the Parks v Leahey & Johnson action was barred by collateral estoppel and by Executive Law § 142-a. It further held that the action was frivolous and imposed sanctions against both Mr. Parks and Mr. Fowler. The Appellate Division by order dated February 11, 1992 unanimously affirmed this court’s dismissal of the complaint. It affirmed the imposition of sanctions but reduced the amount to $1,000.
On March 22, 1991, plaintiff commenced an action in his own name against the experts employed by the Leahey & Johnson law firm in connection with the Parks v Greenberg case. Defendants moved to dismiss and for sanctions. This court granted the motion on default by order dated September 30, 1991. It denied plaintiff’s motion to vacate his default by its decision of January 23, 1992. This court held that plaintiff had failed to show any legitimate excuse for his default. It also held the claim of a false statement in an affidavit in connection with a prior lawsuit was barred by collateral estoppel and also failed to set forth a cognizable claim. The court denied the motion to vacate and imposed the maximum sanction permitted by 22 NYCRR 130-1.1.
In his reply brief in the Parks v Leahey & Johnson action, *912 plaintiff in response to a comment in Leahey & Johnson’s brief wrote that he "believed that this matter [his failure to register and pay the statutory fees pursuant to Judiciary Law § 468-a and the Departmental Disciplinary Committee’s investigation of this failure] has been satisfactorily concluded”.
At oral argument before the Appellate Division, defendant Conforti stated that he had been requested by staff counsel for the Departmental Disciplinary Committee to inform the appellate bench that the Departmental Disciplinary Committee considered this statement misleading. Plaintiff commenced this action for slander identifying this statement as false, malicious and not germane to the merits of the appeal. Defendant Conforti’s motion for summary judgment is based on the absolute privilege for statements made by counsel in litigation and based on the statement’s truth.
The court will first address the plaintiff’s cross motion for recusal. Plaintiff cites to the language of the court in imposing sanctions on him. The court notes that although the amount of the sanction imposed by it in Parks v Greenberg was reduced on appellate review, the imposition of sanctions and the consequent finding of frivolous behavior were sustained.
Additionally, plaintiff has not set forth any evidence of a lack of impartiality (see, Burdick v Shearson Am. Express, 160 AD2d 642 [1st Dept 1990], lv denied 76 NY2d 706). Hinckley v Resciniti (159 AD2d 276 [1st Dept 1990]) presents a striking parallel to this action. In that case, an action was brought for defamation based on statements in an attorney’s affidavit in support of a motion. After holding that the statements were protected by the absolute privilege adhering to statements made in the underlying litigation, the Appellate Division upheld the denial of the application for recusal. It noted that no bias or prejudice had been shown and that the IAS Justice’s knowledge of the underlying suit based on her reading of the papers filed with the court was not a basis for recusal. Similarly, in this action the court’s knowledge is based on the papers submitted by counsel for both parties together with the papers on the related actions. No evidence of any basis for recusal has been shown. The cross motion for recusal is denied.
It is well settled that there is an absolute privilege for defamatory words in the context of a judicial proceeding (Hinckley v Resciniti, supra; Park Knoll Assocs. v Schmidt, 59 NY2d 205 [1983]). The purpose of this absolute privilege is to *913 protect the official processes of government (Taker v Pollak, 44 NY2d 211 [1978]) so that persons may speak freely without any fear of financial hazard or litigation (Park Knoll Assocs. v Schmidt, supra, at 209; Baratta v Hubbard, 136 AD2d 467 [1st Dept 1988]). An absolute privilege "confers immunity from liability regardless of motive” (Park Knoll Assocs. v Schmidt, supra, at 209). In determining the relationship to a judicial proceeding, all doubts as to pertinence are resolved in favor of the privilege (Baratta v Hubbard, supra; Grasso v Mathew, 164 AD2d 476 [3d Dept 1991], appeal dismissed 77 NY2d 940). Defendant Conforti’s statement relating to a footnote in plaintiff’s reply brief was made in open court in oral argument of an appeal. Reference to the Disciplinary Committee was made also in the transcript on the underlying motion. Defendant Conforti’s statement is plainly within the absolute privilege and defendant Conforti’s motion for summary judgment must be granted (Park Knoll Assocs. v Schmidt, supra; Baratta v Hubbard, supra).
At oral argument, plaintiff stated on the record that he had researched the law on this point prior to commencing litigation. He cited Murphy v Klein (9 NY2d 754 [1961]) as providing support for his claim. This decision merely dismissed leave to appeal to the Court of Appeals. The underlying case, Murphy v Klein (12 AD2d 683 [3d Dept 1960]), has only been cited for authority once in more than 30 years. To the extent that the case places a restrictive, narrow view on the absolute privilege, it has been, sub silentio, overruled by Toker (supra) and Park Knoll (supra). Grasso (supra) illustrates the current long-standing appellate authority for a broad reading of the absolute privilege. Plaintiff had an obligation to undertake a meaningful review of the case law prior to commencing this lawsuit. He could have discovered the above-cited authorities by looking under the same West key digest numbers under which Murphy (supra) is catalogued. Defendant Conforti in his letter of January 22, 1992 clearly placed plaintiff on notice of the absolute privilege and offered him an opportunity to withdraw the action to avoid an application for sanctions. Plaintiff failed to avail himself of this opportunity or the opportunity to withdraw his action after being served with defendant Conforti’s moving papers. Defendant Conforti’s memorandum of law cited the authoritative governing authority that this court has followed in granting defendant’s motion for summary judgment.
The plaintiff’s research of the applicable law was grossly *914 inadequate. The clarity of the applicability of the absolute privilege rule and the inadequate nature of plaintiffs legal research warrant the imposition of sanctions (see, Grasso v Mathew, supra). The prior history of the related Parks v Greenberg litigation and its progeny establish the plaintiff’s bad faith. This action is an attempt to harass the successful counsel and to retaliate in the form of a meritless lawsuit. Sanctions in the maximum amount of $10,000 to be paid defendant’s counsel is warranted (see, Matter of Winters v Gould, 143 Misc 2d 44 [Sup Ct, NY County 1989]).
Finally, the court must take action addressing the pattern of frivolous behavior of Mr. Fowler. The sanctions imposed by this court on three prior occasions have failed to deter plaintiff and, accordingly, the court must impose an additional constraint. Mr. Fowler’s pattern consists of instituting a new meritless action arising out of an aspect of the Parks v Greenberg action after each successive action has been dismissed. This pattern of frivolous satellite litigation imposes significant unnecessary burdens on the defendants and constitutes an abuse of the judicial process (see, Ultracashmere House v Kenston Warehousing Corp., 166 AD2d 386 [1st Dept 1990]). The remedy is to enjoin Mr. Fowler from commencing any further actions arising out of, or related to, directly or indirectly, the Parks v Greenberg action or its progeny (noted in the procedural history above) without prior permission of this court (Ultracashmere House v Kenston Warehousing Corp., supra; Schwartz v Nordstrom, Inc., 160 AD2d 240 [1st Dept 1990]). Prior to commencing any new action in the courts of this State arising from, or related to, directly or indirectly, the Parks v Greenberg action or its progeny, plaintiff shall present a copy of the proposed new pleading together with a copy of this decision and the order settled thereon to the ex parte motion office, room 315 for transmittal to this court or its designee for authorization (see, Sassower v Signorelli, 99 AD2d 358 [2d Dept 1984]; Silverman v Leucadia, Inc., 159 AD2d 254 [1st Dept 1990]). Equity may enjoin a litigious, vexatious plaintiff to prevent meritless litigation that burdens both defendant and the court (see, Sassower v Signorelli, supra; Ultracashmere House v Kenston Warehousing Corp., supra).
Settle order granting defendant’s motion for summary judgment dismissing the complaint denying the cross motion for recusal, granting the motion for sanctions in the amount of $10,000 and imposing the restraining order noted above.

 The court referred the plaintiff’s failure to abide by the requirement of Judiciary Law § 468-a to the Departmental Disciplinary Committee.