Smith, J.
(dissenting in part). Because there is an issue of fact as to whether defendant’s statements accusing the plaintiff of bribery- either resulted from a reckless disregard for the truth or falsity of the statements or were motivated solely by malice, the order of the Appellate Division should be modified by denying so much of defendant’s motion for summary judgment as sought to dismiss the second cause of action and reinstating that cause of action. Therefore, I dissent with respect to the second cause of action.
In this defamation action, the plaintiff landlord and defendant tenant, a board member of the tenants’ association, have been involved in continuous disputes over the last 10 years concerning rent increases and the conversion of the property to cooperative ownership. Numerous civil and criminal actions involving these parties and/or others have resulted therefrom.
The second cause of action is based upon the following conversation between the defendant and a fellow board member:
"Gelstein: Can you find out from your friend at the precinct which cop is on the take from Liberman? "Kohler: What are you talking about?
"Gelstein: There is a cop on the take from Liberman. That’s why none of the building’s cars ever get tickets — they can park anywhere because Liberman’s paid them off. He gives them a hundred or two hundred a week.”
There is no dispute that these statements were made. However, defendant contends that these were not statements, but rather his effort on behalf of the tenants’ association to investigate what he had supposedly learned from named plaintiff’s employees. He had no knowledge of the truth or falsity of this bribery accusation. Accordingly, defendant as *441 sorted that, if defamatory, the statements were within the ambit of the common interest qualified privilege and that he had acted "without malice or negligence.”
Two issues are raised here concerning the second cause of action. The first is whether or not there was a qualified privilege to make the statement. The second is, assuming there was a qualified privilege, whether there has been raised a sufficient factual showing of malice, knowledge of the falsity of the statement, or reckless disregard of its truth or falsity to defeat the motion for summary judgment (Loughry v Lincoln First Bank, 67 NY2d 369, 376).
The majority has properly concluded that there is a qualified privilege here. Moreover, the plaintiff does not challenge the assertion that the statement was qualifiedly privileged.
Given this qualified privilege, the burden shifts to the plaintiff to show that the statement is nevertheless actionable because it is false and motivated by malice (Taker v Poliak, 44 NY2d 211, 219; Park Knoll Assocs. v Schmidt, 59 NY2d 205, 209; Restatement [Second] of Torts § 613). As the law has developed in this area, "malice” has been assigned different meanings based upon the context.[1] At common law, malice has been based upon a determination that the statement is false, that the defendant knew it to be false when published and, therefore, the defendant acted in bad faith (Lovell Co. v Houghton, 116 NY 520). In other words, actual malice at common law meant " 'personal spite or ill will, or culpable recklessness or negligence’ ” (Hoeppner v Dunkirk Print. Co., 254 NY 95, 106; see also, Shapiro v Health Ins. Plan, 7 NY2d 56, 61). For malice to be found, the fact that the statement was false had to be augmented by defendant’s desire to injure the plaintiff (id.). For purposes of a constitutional analysis, actual malice has been defined as "with knowledge that [the statement] was false or with reckless disregard of whether it was false or not” (New York Times Co. v Sullivan, 376 US 254, 280; Trails W. v Wolff, 32 NY2d 207, 219). The standard articulated in New York Times Co. v Sullivan (supra) was expanded to consider whether there was a "high degree of awareness” of the statement’s probable falsity (Garrison v Louisiana, 379 US 64, 74) or that the defendant "in fact” entertained "serious doubts” as to its truth (St. Amant v *442 Thompson, 390 US 727, 731), as we acknowledged in Pauling v National Review (22 NY2d 818, 819). These expansions of the constitutional standard evoke the common-law concept of bad faith. Indeed, this Court has recognized that consideration of malice in the constitutional and the common-law sense is proper in determining whether a qualified privilege is to be given effect (Loughry v Lincoln First Bank, 67 NY2d 369, 376, supra [conditional privilege may be negated by "statements published with malice or with knowledge of their falsity or reckless disregard as to their truth or falsity”]).[2] This dual analysis is reflected in the New York Pattern Jury Instructions on qualified privilege (see, PJI 3:32 [1991 Supp]).
In light of the foregoing, the issue of malice in the case at bar should be reviewed under both standards. Under the constitutional standard, there is an issue of fact as to whether there was a reckless disregard for the truth or falsity of the bribery accusation or whether defendant, in good faith, was attempting to ascertain the truth or falsity of the accusation. The record is presently lacking any evidence to support the conclusion that defendant knew that the accusation was false, that there was a high degree of awareness of probable falsity, or that he entertained serious doubts as to its truthfulness. Defendant denies any knowledge as to its truth or falsity but maintains that he believed the accusation to be true because the source was two of plaintiff’s employees, whom he identified. (These persons have not yet been deposed.) However, as to whether the defendant may have shown a reckless disregard for the truth, it is significant that the defendant and Kohler, the person to whom the statement was first made, dispute whether the accusation was stated as a matter of fact or as part of an inquiry. In Kohler’s version of the conversation, the inquiry contained therein pertained to the identification of the bribed police officer, not the truth of the accusation. Clearly, there is an issue of fact here that may be resolved by further discovery or that may require determination by a trier of fact.
Turning to a common-law analysis, there is sufficient evidence in this record to create an issue of fact as to whether defendant’s statements were motivated solely by spite or ill will. The parties’ acrimonious relationship is accentuated by, *443 inter alla, lawsuits, defendant tossing a possibly lit firecracker into plaintiff's vehicle, and an incident where defendant pounded on plaintiff’s vehicle while occupied by plaintiff, his wife, and their children. And, as discussed above, if it is found that defendant stated the accusation as fact, spite or ill will may have been the sole motivation.
Therefore, if plaintiff proves that the accusation is false, the foregoing considerations suffice to create issues of fact as to malice under both standards.
The conclusion that there is no triable issue of fact here because a jury could not reasonably conclude that malice alone was the motivation for the statement is not supported by the record. Plaintiff indeed has the burden of proving that malice alone was the cause for the publication (Stukuls v State of New York, 42 NY2d 272, 281-282). However, having presented a basis for that conclusion, plaintiff should be afforded an opportunity to present such evidence to a trier of fact that the actions of the defendant were duplicitous and motivated solely by malice (see, Stukuls v State of New York, supra, at 282 [the claim, affidavits, and the need for additional discovery precluded finding that plaintiff could not raise an issue of fact]). In this case, plaintiff has alleged that defendant filed the motion for summary judgment before depositions of the employees who supposedly told defendant of the bribery scheme could be taken. Accordingly, the second cause of action should be reinstated.
Acting Chief Judge Simons and Judges Titone, Hancock, Jr., and Bellacosa concur with Judge Kaye; Judge Smith dissents in part and votes to modify in a separate opinion.
Order affirmed, with costs.

. In response to the divergent meanings attributed to the term "malice” in the defamation area, the Restatement (Second) of Torts has abandoned its use for the more comprehensive "abuse of privilege” terminology.

. It should be noted that in Loughry the jury found, inter alla, that the defendants acted "solely from malice intended] to injure plaintiff” (supra, at 376).