■ In the Matter of the Estate of LOUIS YAEGER, Deceased. BETTY YAEGER, Respondent, v TIMOR, INC., et al., Appellants. [605 NYS2d 269] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered on or about March 30, 1993, which denied the defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion is granted, the complaint is dismissed and the plaintiff is enjoined from further litigating any claim of entitlement to her late husband's estate other than that to which she is entitled under the express terms of the antenuptial agreement, with costs.

During the protracted litigation in this matter, the plaintiff wife has repeatedly challenged the validity of a June 20, 1962 antenuptial agreement she entered into, while represented by counsel, with the decedent. Pursuant to this agreement, upon her husband's death, she was to receive a limited-access trust and cash bequest and waive all rights to the remainder of the estate. The agreement included a requirement that any change or amendment be in writing.

According to the plaintiff, she turned over certain securities to her husband during their marriage to capitalize the defendant Timor, a corporation whose principal asset was the parties' Palm Beach home. In May of 1970, the couple purportedly orally agreed that in exchange for the securities, the

plaintiff would receive an immediate 50% ownership right to Timor, with the remaining 50% owned jointly. The plaintiff would also retain a right of survivorship. Although the plaintiff never commenced legal proceedings during the course of her marriage to have these terms memorialized in writing, several attempts by her to obtain the Timor stock and the Palm Beach property during this time period, including a request of her husband to modify the antenuptial agreement, proved unavailing.

The decedent died in May of 1981 and his 1969 will, which conformed to the antenuptial agreement, was offered into probate. The plaintiff then purported to elect against the will. The beneficiaries, however, opposed, and their motion for summary judgment was granted in June of 1985. The Surrogate rejected the plaintiff's contentions that she had been induced to sign the antenuptial agreement by fraud, deception or overreaching and that she had been induced to enter into the marriage because of her reliance upon false or fraudulent representations. This Court unanimously affirmed the Surrogate's decision (*Matter of Yaeger v Winter,* 123 AD2d 898, *lv denied* 69 NY2d 609).

During the pendency of the summary judgment motion, the plaintiff sought to enjoin the sale of the Florida property. The Surrogate, however, denied her motion for an injunction. This Court also denied her motion to enjoin the sale on July 19, 1984. The property was eventually sold by the executors in 1989.

In 1986, while the appeal from the Surrogate's ruling in the election proceeding was pending in this Court, the plaintiff moved for renewal of the summary judgment motion before the Surrogate. The motion was denied. On April 10, 1990, this Court dismissed the plaintiff's appeal from that ruling, and, on its own motion, ordered that the plaintiff be "enjoined from further litigating the issue of the validity of the antenuptial agreement."

In addition to bringing further actions in Florida, the plaintiff instituted the instant action in New York. The complaint sets forth five causes of action alleging breach of contract, fraud and unjust enrichment justifying a constructive trust, all stemming from the plaintiff's contention that she was entitled to an ownership interest in Timor based on her husband's oral representations. The defendants' motion for summary judgment was denied by the Surrogate who found triable issues of fact as to the existence of a constructive trust.

While artfully drawn, the complaint in this matter is merely another attempt by the plaintiff to undermine the validity of the antenuptial agreement and an attempt to circumvent this Court's April 10, 1990 order enjoining her from further litigating her claim to her husband's estate. The unambiguous language of the antenuptial agreement requires modifications to be in writing. However, efforts by the plaintiff to obtain such written amendments during her husband's lifetime were unsuccessful. It is clear that the prior proceedings initiated by the plaintiff "squarely addressed and specifically decided" her claim of entitlement to the property in question (O'Connor v State of New York, 126 AD2d 120, 124, affd 70 NY2d 914).

Since the injunction issued previously by this Court has, apparently, been too narrowly interpreted or ignored by the plaintiff, a broader injunction is clearly warranted to cease the abuse of the judicial process (see, Ultracashmere House v Kenston Warehousing Corp., 166 AD2d 386, 387-388, appeal dismissed 77 NY2d 873; Sassower v Signorelli, 99 AD2d 358). Accordingly, the plaintiff is enjoined from litigating any claim of entitlement to the decedent's estate, other than that to which she is entitled under the express terms of the antenuptial agreement.

In light of the foregoing, we do not reach the parties' remaining contentions. Concur—Carro, J. P., Rosenberger, Rubin and Nardelli, JJ.