■ In the Matter of CHANDER S. SUD, Appellant, v AJAY SUD et al., Respondents. [642 NYS2d 893] —Order, Supreme Court, New York County (Stephen Crane, J.), entered February 3, 1995, which, *inter alia*, granted defendants' motions to dismiss the complaint, set the matter down for a hearing to determine the amount of sanctions to be imposed against plaintiff, and enjoined plaintiff from commencing any further *pro se* actions arising out of the same agreement against defendants without, *inter alia*, first obtaining permission of the court, and order of the same court and Justice entered June 2, 1995, which, *inter alia*, imposed costs against plaintiff in favor of defendant Cheng Yen Teh in the amount of $311.22, unanimously affirmed, with costs.

The IAS Court properly dismissed this action pursuant to the doctrines of res judicata and collateral estoppel since the subject claims regarding breach of a family contract to provide financial support to assist siblings with graduate educations and careers were essentially the same as those set forth in the prior action (*Matter of Sud v Sud*, 211 AD2d 423), which had been dismissed on the merits. The complaint in this action failed to cure the fatal defects in the complaint of the prior action, which rendered the contract vague and indefinite as to the amount of support and length of time to be provided (*see, Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482-483; *Chrysler Capital Corp. v Hilltop Egg Farms*, 129 AD2d 927), and the additional claims and theories arise out of the same facts and could have been litigated in the first action (*see, O'Brien v City of Syracuse*, 54 NY2d 353, 357-358).

The court also properly imposed sanctions against plaintiff pursuant to 22 NYCRR 130-1.1 for persisting in the prosecution of frivolous litigation and properly enjoined plaintiff from further *pro se* litigation relating to these claims without court approval. These measures were appropriate to prevent use of the judicial system as a vehicle for harassment, ill will and spite (*see, Ultracashmere House v Kenston Warehousing Corp.*, 166 AD2d 386, *appeal dismissed* 77 NY2d 873, *lv dismissed and denied* 78 NY2d 984). Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Ross, JJ.