■ CARL G. DWORKIN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 109746.) [825 NYS2d 296]—

Cardona, P.J. Appeal from an order of the Court of Claims (Hard, J.), entered April 12, 2005, which granted defendant's motion to dismiss the claim.

Claimant, an attorney, represented an individual in a Court of Claims action who filed a claim seeking damages as a result of an alleged slip and fall on defendant's property. In the course of discovery related to that matter, claimant indicated that he found defendant's response to certain demands to be inadequate and brought a motion to, among other things, compel the production of certain materials. In his motion papers, claimant accused defendant, through its counsel, of repeated acts of misconduct, as well as, among other things, undertaking a "deliberat[e] attempt[ ] to thwart [claimant's client]." Defendant's counsel, an Assistant Attorney General, cross-moved to strike the notices of deposition of claimant's client. In the supporting affirmation, defendant's counsel provided an explanation for the alleged delays, which also stated: "It is fair to say that statements by [claimant] are exaggerated and baseless. The general tone of his motion papers seems to suggest a level of instability and paranoia on his part."*

Thereafter, claimant brought this claim for damages alleging that he was defamed by the above statement. Defendant then moved to dismiss the claim for failure to state a cause of action, arguing that the statement related to the litigation and, thus, was absolutely privileged. The Court of Claims granted defendant's motion, prompting this appeal.

Under the particular circumstances herein, we cannot say that the Court of Claims erred in dismissing the claim. Significantly, "[i]n the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation" (*Grasso v Mathew*, 164 AD2d 476, 479 [1991], *appeal*

* The Court of Claims ultimately denied claimant's motion for sanctions in that matter and partially granted defendant's cross motion for certain relief.

*dismissed* 77 NY2d 940 [1991], *lv denied* 78 NY2d 855 [1991]; *see Seltzer v Fields*, 20 AD2d 60, 62-63 [1963], *affd* 14 NY2d 624 [1964]). A determination as to whether a statement is pertinent is "extremely liberal" (*Grasso v Mathew, supra* at 479). Here, while the specific comments in the course of this vigorously contested matter may easily be described as "intemperate" (*Baratta v Hubbard*, 136 AD2d 467, 469 [1988]), they, nonetheless, meet the "minimal possibility of pertinence or the simplest rationality" (*Mosesson v Jacob D. Fuchsberg Law Firm*, 257 AD2d 381, 382 [1999], *lv denied* 93 NY2d 808 [1999]) and, therefore, must be considered privileged (*see Baratta v Hubbard, supra* at 469).

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.