**Frank L. SHERNOFF, Plaintiff–Appellant,**

v.

**Bruce SODEN, and Greene, Hershdorfer & Sharpe, Defendants–Appellees,**

Sutton Investing Corp., Defendant.

No. 06–4761–cv.

United States Court of Appeals,
Second Circuit.

Feb. 20, 2008.

Frank L. Shernoff, Short Hills, NJ, pro se.

Nancy A. Breslow, Martin Clearwater & Bell LLP, New York, NY, for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Frank L. Shernoff ("Shernoff") appeals from a judgment entered by the United States District Court for the Northern District of New York (Mordue, *C.J.*) on September 28, 2006, 2006 WL 2806448, granting defendants' cross motion for summary judgment, and dismissing his defamation and tortious interference actions with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

### Defamation

We uphold dismissal of the defamation claim for substantially the reasons set forth in the district court's opinion. Shernoff incorrectly argues: (1) that the ques-tion of a statement's defamatory nature *vel non* is a question for a jury—not a judge—to decide, *but see Aronson v. Wiersma,* 65 N.Y.2d 592, 493 N.Y.S.2d 1006, 483 N.E.2d 1138, 1139 (1985) ("Whether particular words are defamatory presents a legal question to be resolved by the court in the first instance[.]"); and (2) that the district court erred because the litigation privilege applies only to statements made in pursuit of a client's rightful litigation goals, *but see Park Knoll Assocs. v. Schmidt,* 59 N.Y.2d 205, 464 N.Y.S.2d 424, 451 N.E.2d 182, 184 (1983) ("[A] lawyer has immunity for defamatory words spoken in a judicial proceeding[.]"). To the extent that Shernoff objects to other statements made by the Lawyer Defendants, we conclude that they are mere expressions of opinion which are protected speech under the New York Constitution that cannot be used as a basis for a claim of defamation. *See Celle v. Filipino Reporter Enters. Inc.,* 209 F.3d 163, 177–79 (2d Cir.2000).

### Tortious Interference

Shernoff sued both for tortious interference with a terminable-at-will contract and for tortious interference with prospective economic relations. To proceed on either cause of action, Shernoff needed show that the defendants acted unjustifiably or improperly. *See Guard–Life Corp. v. S. Parker Hardware Mfg. Corp.,* 50 N.Y.2d 183, 428 N.Y.S.2d 628, 406 N.E.2d 445, 448, 449 (1980). Stated differently, Shernoff needed to show that the defendants' actions were "wrongful," *see id.* at 449, or "culpable," *see NBT Bancorp Inc. v. Fleet/Norstar Fin. Group, Inc.,* 87 N.Y.2d 614, 641 N.Y.S.2d 581, 664 N.E.2d 492, 496 (1996). Shernoff argues that the defendants' alleged conduct was wrongful/culpable because it involved exerting economic pressure on the parties' shared client.

The Court of Appeals has stated that economic pressure must be "extreme and

unfair" before it may qualify as wrongful. *See Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 785 N.Y.S.2d 359, 818 N.E.2d 1100, 1105 (2004). Though undoubtedly distasteful, the conduct which Shernoff alleges against the Lawyer Defendants is neither extreme nor unfair under New York State law. Shernoff's claim is thus without merit.

We have considered Shernoff's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.