■ JIT CHANDAN, Appellant-Respondent, v VED GULATI, Respondent-Appellant. [858 NYS2d 98]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered December 12, 2006, which denied defendant's motion to permanently enjoin plaintiff from commencing the instant action or any other future action or proceeding against defendant without leave of court and for sanctions, and directed "petitioner to pay the amount of $47,000," unanimously modified, on the facts, to the extent of clarifying so much of the order that directs "petitioner to pay the amount of $47,000" and substituting "defendant" for "petitioner," and increasing the amount to be paid by defendant to plaintiff to $47,116.59, and otherwise affirmed, without costs.

The order is modified to the extent indicated because it is clear that, in this action for breach of a 1998 settlement agreement arising from three related corporate dissolution proceedings, the court intended for defendant to make payment to plaintiff in accordance with the parties' stipulation of settlement, and that the balance owed by defendant was $47,116.59.

Contrary to plaintiff's contention, pursuant to the stipulation of settlement, plaintiff's remedy for nonpayment by defendant was to commence an action for the amount owed, and not for rescission of the agreement. Furthermore, given the repeated findings in prior orders that it was plaintiff that had failed to close, as required by the stipulation of settlement, the court properly declined to impose interest on the payment.

Plaintiff's conduct in bringing two proceedings in 12 years for a purported breach of the settlement agreement does not rise to the level sufficient to condition his access to the courts on prior court approval, or to impose sanctions and costs (*compare Matter of Sud v Sud*, 227 AD2d 319 [1996]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.