■ TPR INVESTMENT ASSOCIATES, INC., et al., Appellants, v WILLIAM FISCHER et al., Respondents. [929 NYS2d 138]—

Plaintiff Dalia Genger's causes of action with respect to the transfer of certain shares of stock in nonparty Trans-Resources, Inc. (TRI) are barred by the award issued in the arbitration proceeding commenced pursuant to the stipulation of settlement in the divorce action between Dalia and defendant Arie Genger (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). In the arbitration proceeding, Dalia claimed that, because of the undervaluing of TRI, she was not properly compensated for her marital interest in the TRI shares that were transferred to Arie. Her present claim, that she was defrauded out of her marital interest in the TRI shares that she and Arie had agreed to gift to their children's trusts, thus involves marital property; moreover, it flows from the same transactions and occurrences that were considered in the arbitration proceeding. Dalia's failure to raise the present claim in that proceeding precludes her from raising it in this action. Plaintiffs TPR Investment Associates, Inc., control of which passed to Dalia pursuant to the stipulation, and D&K Limited Partnership, of which she was a general partner, are in privity with Dalia and are therefore also precluded (*see Matter of Shea*, 309 NY 605, 617 [1956]; *Ultracashmere House v Kenston Warehousing Corp.*, 166 AD2d 386, 387 [1990], *lv dismissed and denied* 78 NY2d 984 [1991]).

Plaintiffs concede that their causes of action with respect to

the Canadian real estate venture may not be asserted on behalf of Dalia, because her claim to a marital interest in the venture was rejected in the arbitration proceeding. In fact, the arbitrator rejected her claim on the ground that plaintiff AG Properties Company, which owned the venture, was in turn owned 50% by defendant Gilad Sharon and 50% by the Gengers' children. In other words, TPR had no ownership interest in the real estate venture. Since the present causes of action with respect to the real estate venture are premised upon the same documents and other evidence that were submitted in support of Dalia's claim in the arbitration proceeding, TPR, which is in privity with Dalia, may not raise them in this action. Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.