(June 25, 1974)

■ ATLAS TILE & MARBLE WORKS, INC., on Behalf of Itself and Others Similarly Situated, Respondent-Appellant, v. PAPRIN CONSTRUCTION CORP. et al., Appellants-Respondents. BENEDICT GINSBERG, Respondent; GAINSBURG, GOTTLIEB, LEVITAN & COLE, Respondents; PAR PLUMBING CO., INC., Respondent-Appellant; GELFAND PAINTING CO., INC., et al., Respondents-Appellants, and M. CARL LEVINE et al., Respondents-Appellants.— Order, Supreme Court, New York County, entered on April 5, 1974, modified, on the law and the facts, so as to eliminate therefrom the provision for a *nunc pro tunc* amendment of the order of May 6, 1971, designating a previously appointed Receiver as Referee with leave to apply for a separate allowance for services as Referee, and so as to eliminate the award of $30,000 to the Receiver for his services as Referee. Otherwise to the extent appealed from, the order is affirmed, without costs and without disbursements to any party. In an action under article 3-A of the Lien Law the court, on February 25, 1970, appointed Benedict Ginsberg, Esq., Receiver to administer certain trust funds. Thereafter the Receiver sought and, by order of May 6, 1971, obtained an expansion of his powers to hold hearings on contested claims, deposit funds in certificates of deposit, etc. Such expansion of the Receiver's powers is authorized by CPLR 6401 (subd. [b]). Subsequently, the Receiver filed his report and affidavit of services whereby he sought compensation not only for his services as Receiver, but additional compensation for services as a Referee in double the amount he claimed for his services as Receiver. On the Receiver's motion to settle his account and determine his compensation Special Term, *inter alia,* awarded commissions to the Receiver in the amount of $41,280.98, amended *nunc pro tunc* the order of May 6, 1971 so as to designate the Receiver as Referee and awarded the Receiver additional fees as Referee in the amount of $30,000. In effect Special Term attempted to convert the expanded power order into an order of reference and in so doing Special Term erred. The application for the expansion of his powers was made by the Receiver in his capacity as such. There was no request to designate him as Referee, nor was there any hint that additional compensation would be requested. The *nunc pro tunc* amendment resulted in the retroactive imposition of an additional $30,000 fee on the parties to the litigation. The court may not, by amendment and without notice, change its order in a matter of substance. It cannot be gainsaid that had an order of reference been entered designating a referee to be paid additional fees, appellants would have had the right to appeal therefrom. (*Matter of Kelley,* 30 A D 2d 659 and cases therein cited.) Thus the error in the order appealed from clearly went to a matter of substance, if not also of jurisdiction. It could not be corrected *nunc pro tunc* unless it was a mere clerical error and then only if no parties' rights would thereby be prejudiced. (Cf. *Herpe* v. *Herpe,* 225 N. Y. 323; see *Dusch* v. *Dusch,* 257 App. Div. 909; *Stock* v. *Mann,* 255 N. Y. 100.) Furthermore, upon careful examination of the record we find that any compensation awarded the Receiver for all services rendered by him in any capacity herein beyond the sum of $41,280.98 would be excessive. We have carefully examined the numerous other points raised and find them without merit. Concur —. Markewich, J. P., Nunez, Tilzer and Lane, JJ.; Kupferman, J., concurs in part and dissents in part in the following memorandum: My only difference with the majority is with respect to the modification which eliminates the award to the Receiver for his services as a Referee. It cannot be gainsaid that the Receiver performed his services creditably and devoted some 600 hours as a Referee with respect to the preparation and ramifications of the hearings.

In order to determine the proper allocation of the trust funds under his care, he was specifically authorized by the court to hold hearings on contested claims, and the only *nunc pro tunc* aspect was to invest him with the perfunctory title of "Referee", which function he had already performed as directed. The fact that there might or could have been an appeal initially on his designation is of no moment, because we now consider it. The only real question is whether the additional services in the capacity of referee warrant the additional fee, and, as to that, I see no abuse of discretion in the determination by the court at Special Term.