OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant, Genoveva C. Pagan, has brought an action against the defendant, the State of New York, for negligence and medical malpractice. Her bill of particulars alleges, in addition to various departures from good medical practice, that defendant’s agents failed to obtain the informed consent of claimant’s decedent prior to the performance of certain unspecified medical procedures. The question, therefore, arises whether this cause of action should have been separately pleaded in the claim. (CPLR 3014.)
The action for lack of informed consent has its roots in common-law battery. The conceptual basis of the action was that an uninformed consent was no consent at all. Thus the physician’s contact with the patient’s body was not privileged and constituted an intentional tort. (See, e.g., Darrah v Kite, 32 AD2d 208.) The modern view, however, is that the breach by a doctor of his professional duty to adequately inform his patient is more akin to malpractice. (Murriello v Crapotta, 51 AD2d 381.) The conclusion stems from the observation that a doctor “is *367 ordinarily not an actor who intends to inflict an injury on his patient and any legal theory which presumes that intent appears to be based upon an erroneous supposition.” (Dries v Gregor, 72 AD2d 231, 235.)
Nevertheless, lack of an informed consent contains unique elements which must be proven at trial. These have been codified in section 2805-d of the Public Health Law, which became effective on July 1, 1975, and which enumerates four specially applicable defenses. (See Dries v Gregor, supra, p 237; cf. Schreiber, “Dries v. Gregor: A Case Study of Informed Consent Doctrine in New York”, 53 NY St Bar J [Oct., 1981], p 431; see, also, CPLR 4401-a.)
Under the statute, lack of informed consent is a failure to disclose the alternatives to and the risks and benefits of medical treatment. The standard against which a physician’s conduct is measured is whether a “reasonable medical practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation.” (Public Health Law, § 2805-d, subd 1.) It must also be established that a reasonably prudent patient would not have undergone the treatment if fully informed and that the lack of informed consent was a proximate cause of the injury. (Public Health Law, § 2805-d, subd 3.)
It is readily apparent that lack of informed consent has become a statutory cause of action distinguished by the specific delineation of the doctor’s duty. On the other hand, medical malpractice generally remains a common-law cause of action. (Cf. Pike v Honsinger, 155 NY 201.) Moreover, the reasonableness of the patient’s behavior is rarely, if ever, an issue in the typical malpractice action. (See Kramer and Kramer, “Informed Consent — An Update”, NYU, April 3,1984, p 1, col 1.) Also, unlike a common-law suit for medical malpractice, dismissal of an informed consent action is mandated absent expert medical testimony. (CPLR 4401-a.) Finally, although a doctor may be absolved of malpractice and negligence, he may, nonetheless, be held liable where informed consent is lacking.
The distinction between the two actions is underscored by the pertinent commentary in New York Pattern Jury Instructions. This states that “[c]are must be taken to state *368 the elements of the informed consent cause of action separately from those of a cause of action based on medical malpractice of other kinds * * * Special findings should be used when causes of action of both types are to be submitted to the jury” (1 NY PJI2d 176 [Supp]).
In light of the specialized nature of lack of informed consent, it should be pleaded separately in the claim. The failure to clearly state one of the proposed theories of liability defeats an essential requirement of a pleading. (CPLR 3013; see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3013:2, p 611.)
Although a bill of particulars may fill gaps in the claim, it should not be used to state a separate cause of action. Its purpose is to amplify the pleading, not serve as a substitute for it. If claimant intends to prove a cause of action for lack of informed consent she should move to amend her claim. (See rule 12 of the Rules of the Court of Claims, 22 NYCRR 1200.12; CPLR 3025; cf. Garone v Roberts’ Tech. & Trade School, 47 AD2d 306, 312.)