■ Anna Barakakos, Individually and as Administratrix of the Estate of George Barakakos, Deceased, Appellant, v James A. Avellini et al., Respondents.—In an action, *inter alia,* to recover damages for alleged medical malpractice and wrongful death, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Scholnick, J.), entered April 19, 1990, as directed that an amended complaint be served containing, *inter alia,* only one cause of action to recover damages for lack of informed consent.

Ordered that the amended order is affirmed insofar as appealed from, with costs.

In an oral order dated March 9, 1990, the Supreme Court inadvertently neglected to include so much of its determination of the defendant's motion as directed the plaintiff to serve an amended complaint asserting four causes of action, only *one* of which was to allege lack of informed consent. Thereafter, the court properly exercised its discretion in *sua sponte* issuing the order appealed from, which amended the prior order to correct this clerical error. The plaintiff was on notice that this clerical amendment was to be made, and she was in no way prejudiced thereby *(see, Di Prospero v Ford Motor Co.,* 105 AD2d 479, 480; *Wilczak v State Farm Mut. Auto. Ins. Co.,* 65 AD2d 960; 2 Carmody-Wait 2d, NY Prac § 8:125; *cf., Atlas Tile & Marble Works v Paprin Constr. Corp.,* 45 AD2d 695).

Moreover, the Supreme Court properly instructed the plaintiff to confine her assertion of lack of informed consent to a single cause of action, because "lack of informed consent" is an independent "cause of action," and not a "theory" underlying other claims sounding in wrongful death and conscious pain and suffering—as had been alleged in the original complaint *(see,* Public Health Law § 2805-d; *see, Bellier v Bazan,* 124 Misc 2d 1055; *Pagan v State of New York,* 124 Misc 2d 366). Thompson, J. P., Lawrence, Miller and Santucci, JJ., concur.