■ David Berson, Respondent, v Jeanne Berson, Appellant. [696 NYS2d 81] —In a matrimonial action in which the parties were divorced by judgment dated July 23, 1997, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered July 15, 1998, as granted the plaintiff's motion to the extent of · directing a specific visitation schedule for the summer of 1998, amended the judgment by providing specified guidelines for future summer visitation should the parties fail to agree on a visitation schedule, and directed that future applications would not be accepted without prior consultation with the court.

Ordered that the appeal from so much of the order as directed a specific visitation schedule for the summer of 1998 is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further

Ordered that the plaintiff is awarded one bill of costs.

The defendant contends that the court erred when it set forth guidelines for future summer visitation if the parties fail

to agree on a visitation schedule. We disagree. It was within the court's discretion to amend its prior judgment to set forth guidelines for such visitation, and the amendment did not affect a substantial right of either party (*see,* CPLR 5019 [a]; *Kiker v Nassau County,* 85 NY2d 879, 881; *Stannard v Hubbell,* 123 NY 520, 527; *Herpe v Herpe,* 225 NY 323, 327; *Shroid Constr. v Dattoma,* 250 AD2d 590, 593; *Irving Trust Co. v Seltzer,* 265 App Div 696, 698; *see, e.g., Ungar v Ensign Bank,* 196 AD2d 204, 208; *see also, Barakakos v Avellini,* 185 AD2d 805).

Although public policy generally mandates free access to the courts (*see, Sassower v Signorelli,* 99 AD2d 358, 359; *Matter of Shreve v Shreve,* 229 AD2d 1005), the court's direction that future applications would not be accepted without prior consultation with the court was appropriate under these circumstances (*see, Sassower v Signorelli, supra,* at 359; *Braten v Finkelstein,* 235 AD2d 513, 514; *Matter of Shreve v Shreve, supra; Duffy v Holt-Harris,* 260 AD2d 595).

The defendant's remaining contentions are without merit. Bracken, J. P., Friedmann, Goldstein and McGinity, JJ., concur.