◼ In the Matter of the Estate of MARVIN LEOPOLD, Deceased. Estate of MARVIN LEOPOLD, Appellant; ALLISON K. LEOPOLD, Respondent. [732 NYS2d 56] —In a contested probate proceeding, the Estate of Marvin Leopold appeals, as limited by its brief, from so much of an order of the Surrogate's Court, Suffolk County (Prudenti, S.), dated November 9, 1999, as denied that branch of its cross motion which was to enjoin the respondent Allison Kyle Leopold from commencing any further litigation and granted that branch of the motion of Allison Kyle Leopold which was, in effect, to compel it to distribute to the beneficiaries the sum it held as a litigation reserve.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the estate's contention, the Surrogate properly determined that the money maintained as a reserve by the estate should be distributed to the distributees. The stipulation between Allison Kyle Leopold and the estate provided for the establishment of a reserve fund to be retained "to pay for attorneys' fees, accounting fees or other expenses, claims or liabilities reasonably anticipated but unpaid at the time of distribution." The Surrogate properly found that the parties did not intend for such reserve to be maintained indefinitely and that it should be distributed (*see, Wolstencroft v Sassower,* 212 AD2d 598).

Public policy generally mandates free access to the courts (*see, Sassower v Signorelli,* 99 AD2d 358, 359; *Matter of Shreve v Shreve,* 229 AD2d 1005). The denial of an injunction enjoin-

 ing the respondent Allison Kyle Leopold from instituting any additional litigation was appropriate under these circumstances (*see, Berson v Berson,* 265 AD2d 439; *Braten v Finkelstein,* 235 AD2d 513, 514; *Matter of Shreve v Shreve, supra*; *Sassower v Signorelli, supra*). Altman, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.