■ AAMES CAPITAL CORPORATION, Respondent, v ULYSSES DAVIS et al., Defendants, and MARY DAVIS, Sued Herein as "JANE" DAVIS, Appellant. [743 NYS2d 729] —In an action to foreclose a mortgage, the defendant Mary Davis, sued herein as "Jane" Davis, appeals from an order and amended judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), dated April 23, 2001, which, upon granting the plaintiff's motion to amend a judgment of the same court, dated April 14, 2000, amended the judgment by adding a provision specifically stating that the appellant's interest in the subject property was extinguished.

Ordered that the order and amended judgment is affirmed, with costs.

As a general rule, we do not consider any issues raised on a subsequent appeal that were raised, or could have been raised, in a prior appeal that was dismissed for lack of prosecution, although we have the inherent discretion to consider such issues (see Bray v Cox, 38 NY2d 350; Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750). The defendant appealed from a prior judgment of the Supreme Court, Westchester County, dated April 14, 2000, which, inter alia, implicitly extinguished her interest in the subject property. That appeal (App Div Docket No. 2000-04643) was dismissed by decision and order of this Court, dated February 14, 2001, for failure to prosecute. The dismissal for lack of prosecution bars the instant appeal concerning all issues except the amendment of the judgment, as those issues could have been raised on the prior appeal (see Gallagher v New York City Tr. Auth., 270 AD2d 228; Bray v Cox, supra).

As to the issue properly raised on this appeal, it is well settled that trial courts have the discretion to cure mistakes, defects, and irregularities in judgments that do not affect substantial rights of parties (see CPLR 5019 [a]; Kiker v Nassau County, 85 NY2d 879; Berson v Berson, 265 AD2d 439). Here, the original judgment implicitly extinguished the appellant's interest in the subject property, but did not explicitly so state. The Supreme Court therefore properly amended the judgment to specifically state that it extinguished the appellant's interest in the subject property. Santucci, J.P., Goldstein, Luciano, Schmidt and Crane, JJ., concur.