■ ALICE LARAINE DIMERY, Appellant, v ULSTER SAVINGS BANK, Respondent. [920 NYS2d 144]—

The Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 5015 (a) (3) to vacate a judgment entered October 26, 2000. A party seeking relief from a judgment pursuant to CPLR 5015 (a) (3) must make the motion within a reasonable time (see Bank of N.Y. v Stradford, 55 AD3d 765 [2008]; Rizzo v St. Lawrence Univ., 24 AD3d 983, 984 [2005]; Aames Capital Corp. v Davidsohn, 24 AD3d 474 [2005]). Here, the plaintiff's delay of more than eight years after the entry of the subject judgment was unreasonable (Sieger v Sieger, 51 AD3d 1004, 1006 [2008]; Aames Capital Corp. v Davidsohn, 24 AD3d at 475).

The Supreme Court also properly denied those branches of the plaintiff's motion which were pursuant to CPLR 5015 (a) (4) and (5) to vacate the subject judgment. With the exception of the plaintiff's contentions regarding the removal and subsequent disposition of her personal property during the defendant's June 13, 2001 eviction of the plaintiff from her home on the subject premises, the plaintiff's contentions could have been raised on her prior appeal from the judgment (see Dimery v Ulster Sav. Bank, 13 AD3d 574 [2004], cert denied 547 US 1097 [2006]). Accordingly, the plaintiff waived appellate review of those issues (see New York Tel. Co. v Supervisor of Town of Oyster Bay, 35 AD3d 417 [2006]; Young v Tseng, 23 AD3d 552 [2005]).

The plaintiff's remaining contentions, based on the removal and subsequent disposition of her personal property during the June 13, 2001, eviction, are time-barred (*see* CPLR 213 [1], [2]; 214 [3], [4]).

Public policy generally mandates free access to the courts (*see Matter of Leopold*, 287 AD2d 718 [2001]; *Sassower v Signorelli*, 99 AD2d 358, 359 [1984]). Here, however, the record reflects that the plaintiff forfeited that right by abusing the judicial process through vexatious litigation. Accordingly, it was not improper for the Supreme Court to enjoin the plaintiff from bringing any further motions regarding the subject matter of the instant action without its permission (*see Matter of Ram v Hershowitz*, 76 AD3d 1022, 1023 [2010]; *Vogelgesang v Vogelgesang*, 71 AD3d 1132, 1134 [2010]; *Matter of Manwani v Manwani*, 286 AD2d 767, 768-769 [2001]; *cf. Deshpande v Medisys Health Network, Inc.*, 70 AD3d 760, 763 [2010]). Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.