■ SHLOMO SCHOLAR, Appellant, v SHOSHANA TIMINISKY, Respondent. [928 NYS2d 83]—

The parties to this action were married in 2005, and had one child born on April 24, 2006. In the parties' stipulation of settlement dated June 19, 2007, which was incorporated but not merged into the judgment of divorce entered June 10, 2008, the parties agreed that the mother would have sole custody of the parties' child, the parties would equally pay the education costs for their child from preschool through high school, the parties would have joint decision-making authority on all issues relating to their child's education, and if they could not agree, that the parties would arbitrate any such issues with a certain arbitrator. The Supreme Court properly determined that a change of circumstances existed so as to require a modification of the parties' stipulation of settlement to protect the best interests of the child (see Goldstein v Goldstein, 68 AD3d 717, 719-720 [2009]; Matter of Gurewich v Gurewich, 58 AD3d 628 [2009]). The resolution of a dispute regarding parental joint decision-making authority with respect to a child requires a determination of what is in the child's best interest, based on the totality of the circumstances (see generally Matter of Tropea v Tropea, 87 NY2d 727 [1996]; Eschbach v Eschbach, 56 NY2d 167 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89 [1982]).

The Supreme Court possessed adequate relevant information which demonstrated that the parties were largely unable to cooperate on matters relating to their child's education. Therefore,

an evidentiary hearing was unnecessary for the Supreme Court to determine that it was in the child's best interests, if the parties could not agree upon a parental coordinator, to award the mother sole decision-making authority over their child's education (*see Matter of Figueroa v Lewis*, 81 AD3d 823 [2011]; *see also Salick v Salick*, 66 AD3d 757 [2009]). Likewise, the Supreme Court properly disqualified, without a hearing, the individual whom the parties had previously selected to arbitrate issues relating to their child's education, in light of its decision to award the mother sole decision-making authority as to the child's education.

Moreover, contrary to the father's contention, the attorney for the child did not overstep his authority in requesting that the father be directed to pay for his share of the child's preschool education costs.

Lastly, the Supreme Court did not improvidently exercise its discretion in, sua sponte, enjoining the father from bringing any further motions in this action without the permission of the Supreme Court. While public policy generally mandates free access to the courts (*see Dimery v Ulster Sav. Bank*, 82 AD3d 1034, 1035 [2011]; *Matter of Leopold*, 287 AD2d 718 [2001]), the record reflects that the father forfeited that right by abusing the judicial process through vexatious litigation (*see Vogelgesang v Vogelgesang*, 71 AD3d 1132, 1134 [2010]).

Accordingly, we affirm the order insofar as appealed from. Covello, J.P., Florio, Lott and Sgroi, JJ., concur.