■ ALICE LARAINE DIMERY, Appellant, v ULSTER SAVINGS BANK, Respondent. [982 NYS2d 912]—

In an action, inter alia, for an accounting, which was consolidated with a summary holdover proceeding to recover possession of and to evict the plaintiff from certain real property, the plaintiff appeals from an order of the Supreme Court, Putnam County (Nicolai, J.), dated June 15, 2012, which denied

her motion pursuant to CPLR 2221 for leave to renew her prior motion pursuant to CPLR 5015 to vacate a judgment of the same court (Hickman, J.) entered October 26, 2000, which had been denied in an order of the same court (O'Rourke, J.) dated February 18, 2009.

Ordered that the order dated June 15, 2012, is affirmed, with costs.

In an order dated February 18, 2009, the Supreme Court enjoined the plaintiff from filing further motions regarding the subject matter of this action without prior court approval. This Court affirmed the February 2009 order, concluding that the plaintiff had forfeited her right to free access to the courts by abusing the judicial process through vexatious litigation (*see Dimery v Ulster Sav. Bank*, 82 AD3d 1034, 1035 [2011]). The plaintiff failed to comply with the February 2009 order because she did not seek and receive prior court approval to file her motion for leave to renew. Moreover, the plaintiff failed to demonstrate any basis upon which to grant her court approval to move for leave to renew, since she asserted no new facts in support of her motion (*see* CPLR 2221 [e] [2]; *Latopolski v Rudge*, 35 AD3d 390 [2006]). Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to renew. Dillon, J.P., Chambers, Austin and Duffy, JJ., concur.