◼ Mark Lew, Appellant, v Gail Sobel et al., Respondents. [54 NYS3d 319]—

In an action, inter alia, to set aside an alleged fraudulent conveyance, the plaintiff appeals (1), as limited by his brief and letter dated February 22, 2017, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered September 3, 2014, as denied that branch of his motion which

was to enjoin the defendants from commencing any new litigation against, or engaging in any applications or motion practice in existing actions involving, the plaintiff, his medical practice, his wife, Janet Rugg Lew, or his counsel, Wand & Goody, LLP, without prior written permission of the Supreme Court, and (2) from an order of the same court (Peck, J.), entered February 23, 2015. Application by the plaintiff, in effect, to withdraw the appeal from the order entered February 23, 2015.

Ordered that the application is granted, and the appeal from the order entered February 23, 2015, is deemed withdrawn, without costs or disbursements; and it is further,

Ordered that the order entered September 3, 2014, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and that branch of the plaintiff's motion which was to enjoin the defendants from commencing any new litigation against, or engaging in any applications or motion practice in existing actions involving, the plaintiff, his medical practice, his wife, Janet Rugg Lew, or his counsel, Wand & Goody, LLP, without prior written permission of the Supreme Court, is granted on condition that, within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting that he be enjoined from commencing any new litigation against the defendants or engaging in any applications or motion practice in existing actions involving the defendants without written permission of the Supreme Court; in the event that the plaintiff does not so stipulate and serve and file such stipulation in accordance with the terms of this order, then the order entered September 3, 2014, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff appeals from the denial of that branch of his motion which was to enjoin the defendants from commencing any new litigation against, or engaging in any applications or motion practice in existing actions involving, the plaintiff, his medical practice, his wife, Janet Rugg Lew, or his counsel, Wand & Goody, LLP, without prior written permission of the Supreme Court. Although public policy generally mandates free access to the courts, a party may forfeit that right if he or she abuses the judicial process by engaging in vexatious litigation (see *Scholar v Timinisky*, 87 AD3d 577, 579 [2011]; *Dimery v Ulster Sav. Bank*, 82 AD3d 1034, 1035 [2011]; *Matter of Reiss v Giraldo*, 77 AD3d 759 [2010]). Here, the record reflects that both the plaintiff and the defendants have engaged in extensive

vexatious litigation against each other in the Family Court and the Supreme Court from 2003 to the present. Under the circumstances of this case, it would only be appropriate to enjoin the defendants from engaging in further litigation if the plaintiff was enjoined as well. Accordingly, we reverse the order entered September 3, 2014, insofar as appealed from, and grant the subject branch of the plaintiff's motion on condition that he stipulate that he be likewise enjoined from commencing any new litigation against the defendants or engaging in any applications or motion practice in existing actions involving the defendants without written permission of the Supreme Court. If the plaintiff does not so stipulate and serve and file such stipulation in accordance with the terms of this order, then we affirm the order insofar as appealed from.

The defendants' remaining contentions are either without merit or not properly before this Court. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.