■ NYCTL 1998-1 Trust et al., Respondents, v Glizer Rodriguez, Appellant, and BH 2105 Atlantic, LLC, Intervenor-Respondent, et al., Defendants. [62 NYS3d 465]—

Appeal from an amended order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated September 30, 2014. The amended order, insofar as appealed from, upon renewal and reargument, vacated a prior order of that court dated June 25, 2013, that granted the motion of the defendant Glizer Rodriguez to set aside a foreclosure sale of certain real property.

Ordered that the amended order is affirmed insofar as appealed from, with costs.

This action to foreclose a tax lien was commenced on June 21, 2002, and a default judgment of foreclosure and sale dated July 14, 2003, was subsequently entered. An auction to sell the property was held on July 14, 2011, at which time Behrooz Benyamani, on behalf of the intervenor BH 2105 Atlantic, LLC (hereinafter BH 2105), purchased the property. Following a January 26, 2012, closing, the defendant Glizer Rodriguez moved to set aside the foreclosure sale of the property, alleging that the substitute Referee who oversaw the auction lacked authority to do so and that BH 2105 improperly took title to the property, as it was not a legal entity at the time of the auction. In an order dated June 25, 2013, the Supreme Court granted Rodriguez's motion, vacated the sale, and directed a new sale.

BH 2105 subsequently moved for leave to renew and reargue its opposition to the prior motion on the ground that new and previously unavailable evidence demonstrated that the substitute Referee had been properly appointed and that the Supreme Court misapprehended the law with respect to BH 2105's ability to take ownership of the property. The court granted leave to renew and reargue and, thereupon, vacated the order dated June 25, 2013, and denied Rodriguez's motion, thus restoring ownership of the property to BH 2105. Rodriguez appeals.

A motion for leave to renew or reargue is addressed to the sound discretion of the Supreme Court (*see Biscone v JetBlue Airways Corp.*, 103 AD3d 158, 180 [2012]; *HSBC Bank USA, N.A. v Halls*, 98 AD3d 718, 720 [2012]; *Matter of Swingearn*, 59 AD3d 556 [2009]). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). A motion for leave to reargue must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). Under the circumstances of this case, the Supreme Court properly, upon renewal and reargument, vacated the prior order and denied Rodriguez's motion to vacate the foreclosure sale of the property.

In the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct (*see Guardian Loan Co. v Early*, 47 NY2d 515, 520 [1979]; *U.S. Bank N.A. v Testa*,

140 AD3d 855, 856 [2016]; *Astoria Fed. Sav. & Loan Assoc. v Hartridge*, 58 AD3d 584, 585 [2009]). Here, the Supreme Court providently exercised its discretion in finding that Rodriguez did not present any evidence of fraud, collusion, mistake, or misconduct in connection with the foreclosure sale that would warrant setting it aside. Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.