BH 2105 Atlantic, LLC, Respondent, 
against
Glizer Rodriguez, Also Known as Glizer R. Lozado, Appellant, et al., Undertenants.




Glizer Rodriguez, appellant pro se.
Adam Leitman Bailey, P.C. (Jeffrey R. Metz, Massimo D'Angelo of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marina C. Mundy, J.), entered November 13, 2015, deemed from a final judgment of that court entered December 1, 2015 (see CPLR 5512 [a]). The final judgment, entered pursuant to the November 13, 2015 order denying occupant's motion to dismiss the petition and granting petitioner's cross motion for summary judgment, awarded possession to petitioner in an RPAPL 713 summary proceeding.




ORDERED that the final judgment is affirmed, without costs.
Petitioner commenced this RPAPL 713 summary proceeding (and three others)[FN1]
 to recover possession of property it had purchased at a tax foreclosure sale. In January 2012, [*2]petitioner took title to the property after a 2003 judgment of foreclosure of a tax lien.[FN2] Occupant moved to vacate the foreclosure sale in the Supreme Court, arguing, among other things, that the substitute referee who had overseen the auction sale had lacked the authority to do so, and that petitioner had improperly obtained title to the property. By order dated June 25, 2013, the Supreme Court granted occupant's motion. Petitioner subsequently moved for leave to renew and reargue, asserting that previously unavailable evidence showed that the substitute referee had been properly appointed. By an amended order dated September 30, 2014, the Supreme Court (Ingrid Joseph, J.) granted petitioner's motion and, upon renewal and reargument, vacated the June 25, 2013 order and restored title to the property to petitioner. The Appellate Division, Second Department, affirmed the amended order, by order dated October 18, 2017, finding that the Supreme Court had properly determined that occupant had not presented any evidence of fraud or misconduct associated with the foreclosure sale that would warrant setting it aside (NYCTL 1998-1 Trust v Rodriguez, 154 AD3d 865, 866-867 [2017]). 
In the Civil Court, occupant moved to dismiss the petition, arguing, once again, that she was the owner of the property and that petitioner had failed to obtain title to the property. Petitioner cross-moved for summary judgment, relying on the September 30, 2014 order of the Supreme Court, which restored title and possession to petitioner. By order dated November 13, 2015, the Civil Court denied occupant's motion and granted petitioner's cross motion on the ground that it was bound by the Supreme Court order, which held that petitioner had title to the property. Occupant's appeal from the November 13, 2015 order is deemed to be from a final judgment, entered December 1, 2015 pursuant to the order, awarding possession to petitioner (see CPLR 5512 [a]). On appeal, occupant again seeks to challenge the propriety of the tax foreclosure sale.
In our view, the Civil Court properly rejected occupant's argument and properly determined that it was bound by the Supreme Court's determination.
Accordingly, the final judgment is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 23, 2018
Footnotes

Footnote 1: Petitioner commenced separate proceedings to recover the third floor at "2105 Atlantic Avenue a/k/a 2103-2109 Atlantic Avenue," the second floor at "2105 Atlantic Avenue a/k/a 2103-2109 Atlantic Avenue," the third floor at "33 Pleasant Place a/k/a 2103-2105 Atlantic Avenue . . . located at the corner of Atlantic Avenue on the Pleasant Place entry," and the second floor at "33A Pleasant Place a/k/a 2103-2105 Atlantic Avenue . . . located at the corner of Atlantic Avenue on the Pleasant Place entry."

Footnote 2: The nine-year delay between the judgment of foreclosure and petitioner taking title is attributed to a bankruptcy stay.