Perlman v Perlman (2018 NY Slip Op 05212)





Perlman v Perlman


2018 NY Slip Op 05212


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-05966
 (Index No. 51552/09)

[*1]Miriam S. Perlman, respondent, 
v
Joseph Yerachmiel Perlman, appellant.


Joseph Yerachmiel Perlman, Brooklyn, NY, appellant pro se.
Joel Borenstein, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In a matrimonial action, the defendant appeals from stated portions of an order of the Supreme Court, Kings County (Rachel A. Adams, J.), dated April 24, 2017. The order, inter alia, denied those branches of the defendant's motion which were to impose sanctions on the plaintiff's attorney for allegedly filing a false or incorrect statement of net worth and to preclude the plaintiff from offering a tape recording of a telephone call into evidence at trial, and in effect, denied those branches of the defendant's motion which were to vacate a prior order of the same court dated February 1, 2017, enjoining the defendant from filing further motions or orders to show cause without leave of court, and for leave to reargue and renew his motion for the assignment of counsel, which was denied in a prior order of the same court dated February 10, 2017.
ORDERED that the appeal from so much of the order dated April 24, 2017, as, in effect, denied that branch of the defendant's motion which was for leave to reargue his motion for the assignment of counsel, which was denied in an order of the Supreme Court, Kings County, dated February 10, 2017, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that order dated April 24, 2017, is affirmed insofar as reviewed, without costs or disbursements.
The parties were married on May 5, 2005, and have three children. On April 14, 2013, after an action for a divorce and ancillary relief was commenced by the plaintiff, the parties entered into a stipulation of settlement, which was incorporated but not merged into a judgment of divorce dated August 15, 2013. On July 1, 2016, the plaintiff moved, inter alia, to restrict the defendant's parental access. The defendant opposed the motion and cross-moved for certain relief. Thereafter, the defendant filed three additional orders to show cause seeking various relief. In the order appealed from, dated April 24, 2017, the Supreme Court, inter alia, denied those branches of the defendant's motion which were to impose sanctions on the plaintiff's attorney for allegedly filing a false or incorrect statement of net worth on behalf of the plaintiff and to preclude the plaintiff from offering a tape recording of a telephone call into evidence at trial, and in effect, denied those branches of the defendant's motion which were to vacate a prior order of the same court dated February 1, 2017, enjoining the defendant from filing further motions or orders to show cause without leave of court, and for leave to renew his motion for the assignment of counsel, which was [*2]denied in a prior order of the same court dated February 10, 2017.
We agree with the Supreme Court's determination denying that branch of the defendant's motion which sought to impose sanctions on the plaintiff's attorney for allegedly filing a false or incorrect statement of the plaintiff's net worth. Pursuant to the Rules of the Chief Administrator of the Courts (22 NYCRR) § 130—1.1(a), a court, in its discretion, may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct. Here, the defendant failed to demonstrate that the conduct at issue was frivolous within the meaning of the Rules of the Chief Administrator of the Courts (see 22 NYCRR 130—1.1[c]; Maybaum v Maybaum, 89 AD3d 692, 697; Matter of Wieser v Wieser, 83 AD3d 950, 950; Kaplon-Belo Assoc., Inc. v D'Angelo, 79 AD3d 931).
We agree with the Supreme Court's determination denying that branch of the defendant's motion which was to preclude the plaintiff from offering a tape recording of a telephone call into evidence at trial. Generally, "[t]he contents of any overheard or recorded communication, conversation or discussion, or evidence derived therefrom, which has been obtained by conduct constituting the crime of eavesdropping, as defined by section 250.05 of the penal law, may not be received in evidence in any trial, hearing or proceeding before any court or grand jury" (CPLR 4506 [1]). "A person is guilty of eavesdropping when he unlawfully engages in wiretapping, mechanical overhearing of a conversation, or intercepting or accessing of an electronic communication" (Penal Law § 250.05). Here, the plaintiff's actions in recording a telephone call, which apparently took place between the defendant and the children after the defendant requested that the children place the call on speaker so that the plaintiff could hear what he had to say, did not constitute the crime of eavesdropping. The plaintiff's actions did not amount to "mechanical overhearing of a conversation[,]" as she was present at, and a party to, the conversation at issue (Penal Law § 250.00 [2]; cf. People v Badalamenti, 27 NY3d 423, 432). Thus, we agree with the court's determination that the recordings of that conversation were admissible pursuant to CPLR 4506(1) (see CPLR 4506[1]; Penal Law §§ 250.05, 250.00 [1], [2]).
We agree with the Supreme Court's determination, in effect, denying that branch of the defendant's motion which was to vacate the order dated February 1, 2017, enjoining the defendant from filing further motions or orders to show cause without leave of court. While public policy generally mandates free access to the courts (see Matter of Pignataro v Davis, 8 AD3d 487, 489; Sassower v Signorelli, 99 AD2d 358, 359), "a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (Matter of Pavic v Djokic, 152 AD3d 696, 697; see Matter of Scott v Powell, 146 AD3d 964, 966; Scholar v Timinisky, 87 AD3d 577, 579; Vogelgesang v Vogelgesang, 71 AD3d 1132, 1134). Here, the record reflects that the defendant abused the judicial process through vexatious litigation (see Matter of McNelis v Carrington, 105 AD3d 848, 849-50; Scholar v Timinisky, 87 AD3d at 579; Vogelgesang v Vogelgesang, 71 AD3d at 1134).
We agree with the Supreme Court's determination, in effect, denying that branch of the defendant's motion which was for leave to renew, among other things, his motion for the assignment of counsel, which was denied in a prior order of the same court dated February 10, 2017. A motion for leave to renew is addressed to the sound discretion of the Supreme Court (see NYCTL 1998-1 Trust v Rodriguez, 154 AD3d 865, 866; Biscone v JetBlue Airways Corp., 103 AD3d 158, 180; Matter of Swingearn, 59 AD3d 556, 557). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]). Here, the defendant failed to offer any new facts not offered on the prior motion that would have changed the prior determination (see CPLR 2221[e][2]; Kamel v Mukhopady, 156 AD3d 688, 688; Matter of Hoppenstein v Hoppenstein, 118 AD3d 998, 999; Matter of Leyberman v Leyberman, 43 AD3d 925, 926).
The defendant's remaining contentions are either without merit or not properly before this Court.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court