U.S. Bank, N.A. v Qurachi (2018 NY Slip Op 05349)





U.S. Bank, N.A. v Qurachi


2018 NY Slip Op 05349


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-04189
 (Index No. 14921/09)

[*1]U.S. Bank, N.A., respondent, 
v
Hakim Qurachi, et al., defendants; Re-Cast Homes, Inc., nonparty- appellant.


Philip L. Kamaras, Brooklyn, NY, for nonparty-appellant.
RAS Boriskin, LLC, Westbury, NY (Jason W. Creech and Jeremy D. Kaufman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Re-Cast Homes, Inc., appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 15, 2015. The order, insofar as appealed from, denied that branch of the motion of nonparty Re-Cast Homes, Inc., which was to set aside a foreclosure sale of certain real property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action in June 2009. On October 23, 2014, a judgment of foreclosure and sale was entered in favor of the plaintiff. On June 11, 2015, pursuant to the judgment, a referee conducted an auction sale of the subject property. Nonparty Re-Cast Homes, Inc. (hereinafter Re-Cast), was the successful bidder at the auction. Thereafter, Re-Cast moved, inter alia, to set aside the foreclosure sale on the ground that the plaintiff fraudulently misrepresented the legal occupancy status of the property. The Supreme Court denied that branch of the motion, and Re-Cast appeals.
The Supreme Court properly denied that branch of Re-Cast's motion which was to set aside the foreclosure sale, as Re-Cast did not seek leave to intervene in the action (see CPLR 1012[a][3]; NYCTL 1996-1 Trust v King, 304 AD2d 629). In addition, Re-Cast did not present any evidence of fraud, collusion, mistake, or misconduct in connection with the foreclosure sale that would warrant setting the sale aside (see NYCTL 1998-1 Trust v Rodriguez, 154 AD3d 865).
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court