Long Is. Capital Mgt. Corp. v Silver Sands Motel, Inc. (2018 NY Slip Op 08636)





Long Is. Capital Mgt. Corp. v Silver Sands Motel, Inc.


2018 NY Slip Op 08636


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-04539
 (Index No. 29657/10)

[*1]Long Island Capital Management Corp., respondent- appellant, 
v
Silver Sands Motel, Inc., et al., appellants-respondents, et al., defendants.


Weber Law Group LLP, Melville, NY (Jaret S. Weber of counsel), for appellants-respondents.
Certilman Balin Adler & Hyman LLP, East Meadow, NY (Susan L. McWalters of counsel), for respondent-appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Silver Sands Motel, Inc., Jean J. Burden, and Edward Jurzenia appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), entered April 6, 2016. The order, insofar as appealed from, denied that branch of the motion of those defendants which was for summary judgment, in effect, on their affirmative defense alleging that the subject mortgage was usurious. The order, insofar as cross-appealed from, granted the cross motion of those defendants pursuant to CPLR 5015(a) to vacate so much of a prior order of the same court dated July 28, 2015, as appointed a temporary receiver of the rents and profits of the mortgaged premises, and granted that branch of the motion of those defendants which was pursuant to CPLR 5015(a)(3) to vacate a prior order of the same court dated December 13, 2010, and, in effect, a judgment of foreclosure and sale of the same court entered April 11, 2011.
ORDERED that the order entered April 6, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered April 6, 2016, is reversed insofar as cross-appealed from, on the law and in the exercise of discretion, the cross motion of the defendants Silver Sands Motel, Inc., Jean J. Burden, and Edward Jurzenia pursuant to CPLR 5015(a) to vacate so much of the order dated July 28, 2015, as appointed a temporary receiver of the rents and profits of the mortgaged premises is denied, and that branch of the motion of those defendants which was pursuant to CPLR 5015(a)(3) to vacate the order dated December 13, 2010, and, in effect, the judgment of foreclosure and sale entered April 11, 2011, is denied; and it is further,
ORDERED that one bill of costs is awarded to plaintiff, payable by the defendants Silver Sands Motel, Inc., Jean J. Burden, and Edward Jurzenia.
On or about August 10, 2010, the plaintiff commenced this mortgage foreclosure action against, among others, the defendants Silver Sands Motel, Inc., Jean J. Burden, and Edward Jurzenia (hereinafter collectively the defendants), alleging that they failed to comply with the terms [*2]of a consolidated note and mortgage by failing to pay the full sum due upon maturity of the debt. The defendants answered and asserted, inter alia, the affirmative defense of usury.
On November 9, 2010, the plaintiff moved, inter alia, for summary judgment on the complaint, and the defendants failed to oppose the motion. In an order dated December 13, 2010, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint. On April 11, 2011, a judgment of foreclosure and sale in favor of the plaintiff was entered. For reasons not clear from the record, several foreclosure auctions were scheduled and then cancelled.
The defendants subsequently moved for an injunction staying any foreclosure auction of the mortgaged premises, and the plaintiff moved for the appointment of a temporary receiver of the rents and profits of the mortgaged premises. By order dated July 28, 2015, the Supreme Court granted the defendants' motion for an injunction staying any foreclosure auction of the mortgaged premises, and granted the plaintiff's motion to appoint a temporary receiver of the rents and profits of the mortgaged premises.
By notice of motion dated August 10, 2015, the plaintiff moved for relief related to the injunction awarded to the defendants in the order dated July 28, 2015. The defendants cross-moved pursuant to CPLR 5015(a) to vacate so much of the order dated July 28, 2015, as appointed a temporary receiver of the rents and profits of the mortgaged premises. The defendants thereafter moved by order to show cause dated August 26, 2015, inter alia, pursuant to CPLR 5015(a)(3) to vacate the order dated December 13, 2010, which granted the plaintiff's motion for summary judgment on the complaint, and, in effect, the judgment of foreclosure and sale entered April 11, 2011, and for summary judgment, in effect, on their affirmative defense alleging that the subject mortgage was usurious.
In an order entered April 6, 2016, the Supreme Court, inter alia, granted the defendants' cross motion pursuant to CPLR 5015(a) to vacate so much of the order dated July 28, 2015, as appointed a temporary receiver of the rents and profits of the mortgaged premises, granted that branch of the defendants' motion which was pursuant to CPLR 5015(a)(3) to vacate the order dated December 13, 2010, and, in effect, the judgment of foreclosure and sale entered April 11, 2011, and denied that branch of the defendants' motion which was for summary judgment, in effect, on their affirmative defense of usury. The defendants appeal, and the plaintiff cross-appeals.
CPLR 5015(a)(3) permits a court to relieve a party from an order or judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." "While there is no specific time limit within which to move under this provision, the motion must be made within a reasonable time" (Empire State Conglomerates v Mahbur, 105 AD3d 898, 899). Here, the defendants failed to move for relief pursuant to CPLR 5015(a)(3) within a reasonable time, as they delayed moving for such relief for more than four years and eight months after the Supreme Court granted the plaintiff's motion for summary judgment on the complaint, during which period of time the defendants engaged in other motion practice relating to this action despite their awareness of all the relevant facts necessary to support their theory that the loan was usurious (see Bank of N.Y. v Stradford, 55 AD3d 765, 765; see also Nationstar Mtge., LLC v Turcotte, 161 AD3d 1090; LaSalle Bank, N.A. v Oberstein, 146 AD3d 945; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894; Dimery v Ulster Sav. Bank, 82 AD3d 1034, 1034; Aames Capital Corp. v Davidsohn, 24 AD3d 474, 475). Accordingly, the branch of the defendants' motion which was pursuant to CPLR 5015(a)(3) to vacate the order dated December 13, 2010, and, in effect, the judgment of foreclosure and sale entered April 11, 2011, should have been denied and, consequently, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was for summary judgment, in effect, on their affirmative defense of usury.
In light of the foregoing, we do not agree with the Supreme Court's determination to grant the defendants' cross motion pursuant to CPLR 5015(a) to vacate so much of the order dated July 28, 2015, as appointed a temporary receiver of the rents and profits of the mortgaged premises, as the basis for that cross motion was the defendants' contention that the loan was usurious. To the extent that the court based its granting of the cross motion on a ground not argued by the parties, [*3]under the circumstances of this case, we do not agree that it should have granted the cross motion on that ground.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.

2016-04539 DECISION & ORDER ON MOTION
Long Island Capital Management Corp., respondent-
appellant, v Silver Sands Motel, Inc., et al.,
appellants-respondents, et al., defendants.
(Index No. 29657/10)

Motion by the appellants-respondents to strike stated portions of the respondent-appellant's brief on an appeal and cross appeal from an order of the Supreme Court, Suffolk County, entered April 6, 2016, on the ground that it improperly raises arguments for the first time on appeal based on matter dehors the record. By decision and order on motion of this Court dated November 23, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is
ORDERED that the motion is denied.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court