Matter of Isaac S. (Miriam S.) (2019 NY Slip Op 08849)





Matter of Isaac S. (Miriam S.)


2019 NY Slip Op 08849


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-00639
2018-05457
2018-06302
 (Docket Nos. NN-04462-17, NN-04463-17, V-21506-17)

[*1]In the Matter of Isaac S. (Anonymous). Administration for Children's Services, respondent; Miriam S. (Anonymous), et al., appellants. (Proceeding No. 1.)
In the Matter of Faigy S. (Anonymous). Administration for Children's Services, respondent; Miriam S. (Anonymous), et al., appellants. (Proceeding No. 2.)


Miriam S., Brooklyn, NY, appellant pro se.
Israel S., Brooklyn, NY, appellant pro se.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Zachary S. Shapiro of counsel), for respondent.
Denise S. Siler, New York, NY, attorney for the child Isaac S.
Rhonda R. Weir, Brooklyn, NY, attorney for the child Faigy S.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) a temporary order of protection of the Family Court, Kings County (Ilana Gruebel, J.), dated November 14, 2017, (2) a temporary order of protection of the same court dated May 9, 2018, and (3) an order of the same court dated May 1, 2018, and the father separately appeals from the temporary order of protection dated May 9, 2018, and order dated May 1, 2018. The temporary order of protection dated November 14, 2017, directed the mother and the father to stay away from the two subject children until and including March 5, 2018. The temporary order of protection dated May 9, 2018, directed the mother and the father to stay away from the two subject children until and including June 25, 2018. The order dated May 1, 2018, directed the mother and the father to obtain the court's permission before filing any further motions in these proceedings.
ORDERED that the appeals from the temporary orders of protection dated November 14, 2017, and May 9, 2018, are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated May 1, 2018, is affirmed, without costs or disbursements.
The appeals from the temporary orders of protection must be dismissed as academic because those orders have expired by their own terms and impose no enduring consequences on the mother or the father (see Matter of Shanee R. [Young], 173 AD3d 1187; Matter of Hannah T.R. [Soya R.], 149 AD3d 957; Matter of Hannah T.R. [Soya R.], 145 AD3d 1012; Matter of Kayla F. [Kevin F.], 130 AD3d 724; Matter of Andrea V. [James A.], 128 AD3d 1077; Matter of Baby Boy D. [Adanna C.], 127 AD3d 1079).
The Family Court providently exercised its discretion in directing the mother and the father to obtain the court's permission before filing any further motions in these proceedings. While public policy generally mandates free access to the courts (see DiSilvio v Romanelli, 150 AD3d 1078; Matter of Taub v Taub, 94 AD3d 901; Scholar v Timinisky, 87 AD3d 577; Dimery v Ulster Sav. Bank, 82 AD3d 1034; Matter of Leopold, 287 AD2d 718), the record reflects that the mother and the father forfeited this right by abusing the judicial process through vexatious litigation (see Matter of Taub v Taub, 94 AD3d 901; Vogelgesang v Vogelgesang, 71 AD3d 1132).
The mother's and the father's challenge to the Family Court's order directing supervised parental access and permitting the parents to only send letters to one of the subject children is not properly before this Court because neither party appealed from that order (see Family Ct Act § 1113; Matter of Lucinda A. [Luba A.], 120 AD3d 492; Matter of Mark P. v Jamie Q., 64 AD3d 921; Matter of Sanders v Slater, 53 AD3d 716).
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court