Rossrock Fund II, L.P. v Toledo (2020 NY Slip Op 04984)





Rossrock Fund II, L.P. v Toledo


2020 NY Slip Op 04984


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-03689
 (Index No. 44329/07)

[*1]Rossrock Fund II, L.P., respondent, 
v
Carlos Luis Toledo, et al., defendants, Claudette Boothe, appellant.


Claudette Boothe, Brooklyn, NY, appellant pro se.
Jaspan Schlesinger LLP, Garden City, NY (Frank C. Dell'Amore of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Claudette Boothe appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated February 23, 2016. The order, inter alia, granted that branch of the plaintiff's motion which was to direct the Clerk of the Supreme Court, Kings County, to reject any application seeking to affect the foreclosure sale of the subject property, without prior leave of court, and directed the Clerk of the Supreme Court, Kings County, to reject any application seeking to affect the foreclosure sale of the subject property or the plaintiff's rights as the owner of the subject property, without prior leave of court.
ORDERED that the order is affirmed, with costs.
On or about April 19, 2004, the defendant Carlos Luis Toledo entered into a mortgage contract for the amount of $300,000, which mortgage was secured by real property located in Brooklyn (hereinafter the subject property). Ownership of the subject property was transferred to the defendants Claudette Boothe and Jody Ashton on or about June 17, 2004. This action to foreclose the mortgage was commenced on December 4, 2007, and a judgment of foreclosure and sale, directing the sale of the subject property, was entered in favor of the plaintiff, on the default of
the defendants, on or about August 2, 2012.
A foreclosure sale scheduled for October 25, 2012, was stayed after Boothe filed a bankruptcy petition in the Eastern District of New York. When that bankruptcy petition was dismissed, another sale was scheduled for January 10, 2013, but that sale was stayed after Boothe filed an order to show cause seeking to vacate the judgment of foreclosure and sale. When that motion was ultimately denied, a new foreclosure sale was scheduled for June 20, 2013. That foreclosure sale was stayed when Boothe filed a bankruptcy petition in Florida, which was also dismissed. With the next foreclosure sale scheduled for October 3, 2013, Boothe and Ashton executed a deed for the subject property adding Boothe's husband, Andre Audige, as an owner of the property. The foreclosure sale scheduled for October 2013 was stayed when Audige filed for bankruptcy, which petition was also ultimately dismissed. After a foreclosure sale scheduled for January 30, 2014, was stayed by Boothe filing another bankruptcy petition in the Eastern District of New York, the Bankruptcy Court granted the plaintiff's petition to lift the stay.
The plaintiff moved to enjoin Boothe and Ashton from filing any further applications without prior leave of court, and the Supreme Court granted the motion. A foreclosure sale was then scheduled for October 22, 2015, but was stayed after Audige filed an order to show cause for a stay that was signed by a Judge who had not been presiding over the matter. The plaintiff then moved by order to show cause to direct the Clerk of the Supreme Court, Kings County, to reject any application seeking to affect the foreclosure sale of the subject property, without prior leave of court, or, in the alternative, to direct that any application seeking to affect the sale of the subject property be presented only to the Judge presiding over the matter.
On December 17, 2015, a foreclosure sale was conducted, and a referee's deed was recorded that transferred title of the subject property to the plaintiff. In an order dated February 23, 2016, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to direct the Clerk of the Supreme Court, Kings County, to reject any application seeking to affect the foreclosure sale of the subject property, without prior leave of court, and directed the Clerk to reject any application seeking to affect the foreclosure sale of the subject property or the plaintiff's rights as the owner of the subject property, without prior leave of court. Boothe appeals.
"[P]ublic policy mandates free access to the courts and zealous advocacy is an essential component of our legal system" (DiSilvio v Romanelli, 150 AD3d 1078, 1080, quoting Sassower v Signorelli, 99 AD2d 358, 359). However, a litigant can forfeit that right "by abusing the judicial process through vexatious litigation" (Dimery v Ulster Sav. Bank, 82 AD3d 1034, 1035). In such cases, it is not improper for the court to enjoin a litigant from bringing any further motions without its permission (see DiSilvio v Romanelli, 150 AD3d at 1080; Dimery v Ulster Sav. Bank, 82 AD3d at 1035).
Here, the record indicates that there was an abuse of the judicial process. Boothe engaged in vexatious litigation and enlisted her husband to do so as well, all to frustrate the plaintiff's rights to the subject property. As such, we agree with the Supreme Court's determination to direct the Clerk of the Supreme Court, Kings County, to reject any application seeking to affect the foreclosure sale of the subject property or the plaintiff's rights as the owner of the subject property, without prior leave to do so.
Boothe's remaining contentions are not properly before this Court on this appeal from the order dated February 23, 2016.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court