Citimortgage, Inc. v Weaver (2021 NY Slip Op 04904)





Citimortgage, Inc. v Weaver


2021 NY Slip Op 04904


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-07492
2019-07493
 (Index No. 18430/09)

[*1]Citimortgage, Inc., respondent, 
v
Everette Weaver, appellant, et al., defendants.
 


Akerman LLP, New York, NY (Jason D. St. John and Jordan M. Smith of counsel), for respondent.
Everette Weaver, Hopewell Junction, NY, appellant pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Everette Weaver appeals from two orders of the Supreme Court, Kings County (Peter P. Sweeney, J.), both dated April 12, 2019. The first order, inter alia, appointed a referee to compute the amount due to the plaintiff. The second order (a) denied the motion of the defendant Everette Weaver to refer the plaintiff and various related persons to the Kings County District Attorney's Office for a criminal investigation, to refer the plaintiff's attorneys for professional disciplinary action, and for recusal, and (b) granted the plaintiff's cross motion to enjoin the defendant Everette Weaver from filing any additional papers in this action without prior court approval.
ORDERED that the appeal from the first order dated April 12, 2019, is dismissed as abandoned; and it is further,
ORDERED that the second order dated April 12, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this foreclosure action, following the entry of an order, inter alia, granting the plaintiff leave to enter a default judgment against the defendant Everette Weaver (hereinafter the defendant) and an order of reference (see CitiMortgage, Inc. v Weaver, _____ AD3d _____ [Appellate Division Docket No. 2016-13092; decided herewith]), the defendant moved to refer the plaintiff and various related persons to the Kings County District Attorney's Office for a criminal investigation, to refer the plaintiff's attorneys for professional disciplinary action, and for recusal.
The plaintiff opposed the motion and, citing to numerous instances of alleged frivolous motion practice by the defendant, cross-moved to enjoin the defendant from filing any additional papers in this action without prior court approval. By order dated 12, 2019, the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals.
The Supreme Court providently exercised its discretion in denying the defendant's [*2]motion in its entirety, as the defendant failed to establish his entitlement to any of the relief sought.
As to the plaintiff's cross motion, "public policy mandates free access to the courts and zealous advocacy is an essential component of our legal system" (Rossrock Fund II, L.P. v Toledo, 186 AD3d 1441, 1442 [internal quotation marks omitted]; see DiSilvio v Romanelli, 150 AD3d 1078, 1080). However, "a litigant can forfeit that right by abusing the judicial process through vexatious litigation" (Rossrock Fund II, L.P. v Toledo, 186 AD3d at 1442 [internal quotation marks omitted]; see Dimery v Ulster Sav. Bank, 82 AD3d 1034, 1035). "In such cases, it is not improper for the court to enjoin a litigant from bringing any further motions without its permission" (Rossrock Fund II, L.P. v Toledo, 186 AD3d at 1442; see DiSilvio v Romanelli, 150 AD3d at 1080; Dimery v Ulster Sav. Bank, 82 AD3d at 1035). Here, in light of the numerous frivolous motions filed by the defendant, the record supports the Supreme Court's conclusion that the defendant had forfeited the right to free access to the courts by abusing the judicial process, and, therefore, properly enjoined him from filing any additional papers in this action without prior court approval (see Rossrock Fund II, L.P. v Toledo, 186 AD3d at 1442; DiSilvio v Romanelli, 150 AD3d 1078, 1080; Matter of Marion C.W. [Lisa K.], 135 AD3d 779, 779-780).
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court